LEO SHORE & another[1] vs. THEODORE SHORE.

Middlesex.   December 10, 1981. — March 8, 1982.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Evidence,* Insurance.

In a negligence action by parents against their son to recover for injuries
    sustained when the father fell off a ladder on his son's property, the
    judge did not err in excluding evidence that the son had a homeowner's
    insurance policy which provided coverage that would have protected
    him from liability.  [530-532]

CIVIL ACTION commenced in the First District Court of
Southern Middlesex on October 18, 1977.

Upon removal to the Superior Court, the case was tried
before *Whitman, J.,* a District Court judge sitting under
statutory authority.

The Supreme Judicial Court granted a request for direct
appellate review.

*Jeffrey P. Allen (Leslie E. Bloomenthal & Abner R. Sisson*
with him) for the plaintiffs.

*Thomas J. Roccio* for the defendant.

WILKINS, J.   On Father's Day, June 19, 1977, the plain-
tiff Leo Shore, then sixty-two years of age, drove from his
home in Framingham to the Ashland home of his son, the
defendant, who was then thirty-seven.  On his son's proper-
ty, the father climbed a ladder to cut down a large damaged
tree limb, using a chain saw he had brought with him.  The
son stood at the bottom of the ladder to hold it.  The left leg
of the ladder sank into the ground more than the other,
causing the ladder to buckle somewhat.  The son moved to
the left side to counteract a bowing of the ladder.  The
father fell and sustained serious injuries.

---

[1] Lillian Shore, his wife.

The plaintiffs pursued this action against their son to re-
cover damages for the consequences of the injury, alleging
their son's negligence. The jury returned a special verdict
in which they found that the son was not negligent. We
allowed the plaintiffs' request for direct appellate review.
They argue only one issue: the exclusion of evidence that,
as shown by an offer of proof, the son had a homeowner's
insurance policy which provided coverage that would have
protected him from liability, in the circumstances, up to its
coverage limit of $100,000. There was no error.

The plaintiffs argue that, in the circumstances of this
case, they were entitled to introduce evidence of the son's
insurance coverage. They acknowledge that the general rule
in this Commonwealth has been that evidence of a defend-
ant's insurance coverage may not be introduced in a trial of
a negligence action. *Leavitt* v. *Glick Realty Corp.*, 362
Mass. 370, 372 (1972).[2] Although the parents grant that the
fact of insurance is not relevant on the issue of the defend-
ant's negligence, they contend that the "jurors may have
wrongfully assumed that the plaintiffs were seeking to de-
plete their son's personal assets and that the institution of
the suit had disrupted the family harmony."

In this action by parents against an adult son, there is no
suggestion that any principle of intrafamily immunity from
liability is applicable. In *Sorenson* v. *Sorensen*, 369 Mass.
350, 352-353 (1975), we upheld the right of an unemanci-
pated minor child to sue her father for the negligent opera-
tion of a motor vehicle. We limited the parent's potential

---

[2] Rule 411 of the Proposed Massachusetts Rules of Evidence and Rule
411 of the Federal Rules of Evidence both follow this general principle:
"Evidence that a person was or was not insured against liability is not ad-
missible upon the issue whether he acted negligently or otherwise wrong-
fully. This rule does not require the exclusion of evidence of insurance
against liability when offered for another purpose, such as proof of agency,
ownership, or control, or bias or prejudice of a witness." The advisory
committee on the Federal rules noted "the feeling that knowledge of the
presence or absence of liability insurance would induce juries to decide
cases on improper grounds." Fed. R. Evid. 411, advisory committee
note, 28 U.S.C. app., at 556 (1976).

liability to the amount of his motor vehicle liability insurance coverage, but we did not there say that the fact or the amount of that insurance coverage was admissible in evidence.[3] In *Goldstein* v. *Gontarz*, 364 Mass. 800 (1974), we commented on the rule that generally a tort plaintiff may not show that the defendant was insured against liability. We said that "[e]xposing juries to such information is condemned because it is not itself probative of any relevant proposition and is taken to lead to undeserved verdicts for plaintiffs and exaggerated awards which jurors will readily load on faceless insurance companies supposedly paid for taking the risk." *Id.* at 808. We acknowledged that the general rule was not free from criticism (*id.* at 812-813) and suggested that in some cases "the better course may be to have the facts as to coverage frankly disclosed to the jury, . . . with appropriate commentary" from the judge (*id.* at 814).[4]

The question is whether evidence of insurance coverage must be admitted in a tort action between adult family members.[5] One can only guess at what the jurors may have assumed about insurance coverage and what may have followed from any such assumption. *Goldstein* v. *Gontarz*, *supra* at 813. The jury may have assumed, as the plaintiffs argue, that the parents were ungraciously seeking to deplete their son's assets and thereby upsetting family harmony. On the other hand, the jury may have assumed that, like most homeowners (certainly those with mortgages), the son had a homeowner's policy; that the action was designed to

---

[3] More recently we have expressed doubt about the existence of liability insurance as an essential element in such a case. See *New Hampshire Ins. Co.* v. *Fahey, ante* 137, 138 (1982).

[4] We do not know from the record whether the judge gave any charge to the jury warning that their deliberations should not be affected by the fact of the family relationship of the parties. Such a charge would have been appropriate.

[5] It is not entirely clear whether the plaintiffs made a single offer of proof that included both the fact of the insurance and the amount of the coverage. We shall assume, in their favor, that they sought to introduce separately the fact of insurance and the amount of that insurance.

take advantage of that insurance coverage; and that family harmony would be strengthened, not disrupted, by compensating the parents at the expense of their son's insurer.

It is our view that the parents were not entitled to introduce the fact of their son's insurance coverage. Insurance coverage was irrelevant. Any possible prejudice to the parents because of the fact that they were suing their son could have been met by appropriate instructions to the jury to disregard that family relationship in their deliberations.

*Judgment affirmed.*