DAVID A. VANALSTYNE, Jr. *vs.* RICHARD WHALEN.

Berkshire.  November 19, 1984. — June 21, 1985.

Present: GREANEY, C.J., ROSE, & PERRETTA, JJ.

*Practice, Civil,* New trial, Verdict, Trial by jury, Additur, Damages. *Jury and Jurors. Damages,* Additur.

In fixing the amount of an additur to a jury's general verdict, following trial of an action to recover for personal injuries, it was not permissible for the judge to infer from the amount of the verdict that the jury had determined a contested issue of causation adversely to the plaintiff. [241-242]

In fixing the amount of an additur to a jury's verdict following trial of an action to recover for personal injuries, it was error for the judge to give any weight to the existence or the limit of the defendant's insurance coverage. [242]

CIVIL ACTION commenced in the Superior Court Department on July 20, 1979.

Following review reported in 15 Mass. App. Ct. 340 (1983), the issue of damages was retried before *William W. Simons,* J.

*John J. C. Herlihy (Karen M. Thursby* with him) for the plaintiff.

*David O. Burbank* for the defendant.

ROSE, J. We encounter this case for the second time.[1] Here the plaintiff appeals from an order denying his motion for a new trial and from the judgment entered after the defendant consented to an additur to the jury's verdict. See Mass.R.Civ.P. 59(a), 365 Mass. 827 (1974). The circumstances in which VanAlstyne sustained the injuries here sued upon are described fully in *VanAlstyne* v. *Whalen,* 15 Mass. App. Ct. 340, 341-343

---

[1] See *VanAlstyne* v. *Whalen,* 15 Mass. App. Ct. 340 (1983).

(1983). In brief, VanAlstyne was playfully running beside or clinging to Whalen's accelerating automobile. At some point he fell away from the car and sustained serious injuries on impact with the roadway. At the first trial the jury returned a $50,000 verdict for the plaintiff, which was to be reduced by thirty-five percent by virtue of the jury's finding that Van-Alstyne had also been negligent.

Shortly after the first judgment entered it was learned that VanAlstyne suffered from epilepsy. He moved for relief from judgment and for a new trial on the basis of newly discovered evidence. Mass.R.Civ.P. 60(b) (2), 365 Mass. 828 (1974). His motions were allowed as to a new trial on the issue of damages.

At issue in the second trial were the quantum of damages and whether the defendant's negligence proximately caused VanAlstyne's epilepsy.[2] At trial, the defendant contended that the plaintiff's epilepsy could have been hereditary or could have developed as a result of other illnesses. The second jury returned with an amount of $27,500 (far slimmer than the first jury award). Thereupon, VanAlstyne moved for a third trial, again limited to the damages issue. The trial judge ruled that the motion would be allowed unless Whalen accepted an additur that increased the jury's award to a fixed sum "neither . . . increased by any sum representing interest or costs nor . . . reduced by the percentage representing the plaintiff's comparative negligence." The defendant agreed to the additur, which corresponded exactly to the limit of his insurance policy ($50,000), of which figure the judge had been apprised in connection with a G. L. c. 93A claim in the case.

VanAlstyne's three arguments on appeal are that the additur was too low, that the case was not one in which the use of an additur was appropriate, and that in setting the additur the judge impermissibly considered the limit of the defendant's insurance coverage. Following oral argument we remanded the case to the Superior Court and requested supplementary

---

[2] In this sense, therefore, the new trial was *not* solely concerned with damages.

information relating to the calculation of the additur. The trial judge's commendably candid response provided support for the plaintiff's latter two arguments.[3] We are therefore obliged to reverse.

1. In setting the additur, the judge "discounted evidence of epilepsy since [he] felt it was entirely appropriate for the jury to decide that such condition was not proximately caused by the [defendant's] negligence." This finding of fact usurped the jury's function of resolving the contested causation issue. See *Moran* v. *Feitis*, 69 N.J. Super. 531, 539-541 (1961). Because the damages sought in this case were unliquidated, compare *Bass* v. *Peterson*, 168 Va. 273, 276 (1937), the judge could not draw inferences from the amount of the verdict as to how the jury had decided the causation issue. Therefore, he could not conclude that "the verdict [was] sound except for [the] inadequacy of the amount." *Freeman* v. *Wood*, 379 Mass. 777, 785 (1980). Compare *Barbieri* v. *Taylor*, 37 Conn. Supp. 1, 5-6 (Super. Ct. 1980).

Here, for example, the jury could have found that the defendant's negligence proximately caused the plaintiff's epilepsy but proceeded to assess damages in accidental or deliberate disregard of the judge's instructions. Alternatively, the verdict could have resulted from other defects in the work of the jury that rendered an additur inappropriate. *Freeman* v. *Wood*, 379 Mass. at 785-786. If the jury has acted improperly neither the plaintiff nor the defendant has "had a jury trial as contemplated by the constitutional guaranty." *Kaiser* v. *Cannon*, 529 S.W.2d 235, 244 (Tenn. App. 1975). An additur may not be granted "in cases in which the verdict has failed to decide issues upon which the parties were entitled to a trial by jury, as distinguished from damages arising out of said issues." *Moran* v. *Feitis*, 69 N.J. Super. at 540. See *Genzel* v. *Halvorson*, 248 Minn. 527, 529 (1957).

In cases in which it cannot be said with certainty in which way a verdict resolved issues of liability or causation, or in

---

[3] Our disposition of this appeal makes it unnecessary for us to consider the first argument.

which an unduly slim award raised the possibility of other jury misconduct, see, e.g., *Peterson* v. *Rawalt*, 95 Colo. 368, 372 (1934), the proper practice is to order an unconditional new trial on all unresolved issues. See Smith & Zobel, Rules Practice § 59.4, at 445 (1977 & Supp. 1985); 6A Moore's Federal Practice par. 59.08[7], at 59-204 (2d ed. 1984).[4]

2. The judge acknowledged after remand that in calculating the additur he had somewhat in mind the limit of Whalen's insurance policy but used that figure only to round off the additur into a fixed sum that "would be accepted by the defendant," thus avoiding the need for a third trial. Although the goal of avoiding a third trial is nearly always admirable, the means used here to attain that goal fell short of the law's requirement that only the plaintiff's injuries be taken into account in setting an award. See *Shore* v. *Shore*, 385 Mass. 529, 530-531 (1982), and cases cited. In so holding we do not intimate that a judge's *knowledge* of the existence and limit of an insurance policy is per se an occasion of reversible error. It was in giving any weight to this fact in determining the amount of an additur that the judge erred. See, e.g., *State* v. *Burton*, 20 Ariz. App. 491, 496 (1973) (improper to consider an offer of judgment in setting an additur).

In accordance with the foregoing, the judgment is reversed. The case is remanded to the Superior Court for a new trial on damages.

*So ordered.*

---

[4] On retrial, the use of a special verdict form may prevent recurrence of the ambiguity that prompted this appeal. We in no way suggest that an additur may never properly be granted in cases in which a general verdict form is used. Whether an additur may be granted depends upon what inferences a judge may permissibly draw from a verdict in a particular case, not upon the form of the verdict.