FRANK P. SALAMONE & another[1] *vs.* TAL RICZKER.[2]

No. 90-P-1460.

Middlesex. January 22, 1992. - April 24, 1992.

Present: PERRETTA, KASS, & IRELAND, JJ.

*Motor Vehicle*, Entrustment. *Negligence*, Motor vehicle, Proximate cause, Standard of care. *Practice, Civil*, Comment by judge.

Where a minor defendant, without his father's knowledge, obtained and secreted the keys to the father's automobile and later entrusted the car to two inexperienced, unlicensed minors, one of whom struck a pedestrian while operating it, the minor defendant had sufficient control of the car, within the meaning of G. L. c. 90, § 12, albeit by an act of usurpation, to give rise to liability on a claim of negligent entrustment. [430-432]

A minor's act of entrusting his father's automobile to two other minors, whom he knew to be too young to hold operator's licenses, could properly be found to be the efficient cause that set in motion a train of events leading to the injury of a pedestrian. [432-433]

On a claim against a fifteen year old defendant for negligent entrustment of a motor vehicle the evidence presented a jury question whether the defendant apprehended the danger in allowing an untrained, unlicensed, and inexperienced minor to operate his father's car. [433]

At the trial of a claim for negligent entrustment of a motor vehicle, the judge correctly instructed the jury with respect to proximate cause and the place of the intervening negligence in considering proximate cause. [433]

At the trial of a negligence case, the judge's passing mention of insurance, in treating a collateral matter during jury instructions, did not require reversal. [433-434]

CIVIL ACTION commenced in the Superior Court Department on March 30, 1988.

The case was tried before *James L. Vallely*, J.

[1]Cynthia R. Salamone.

[2]There were five other defendants named in the complaint. This appeal concerns only the judgment entered against Tal Riczker.

*Edward B. McGrath* (*Brooke P. Seliger* with him) for Tal Riczker.

*William J. Doyle, Jr.,* for the plaintiffs.

KASS, J. What constitutes *control* of property sufficient to make a negligent entrustment is the principal question to be decided. That issue was central to a jury verdict in favor of the plaintiffs against Tal Riczker.

During the fall of 1987, Tal, fifteen years old at the time, found a set of keys to a car owned by his father.[3] He hid them under a radiator in a bedroom in his family's house. There they remained until the night of October 3, 1987, a Saturday, when Tal's parents were away. Tal telephoned two friends, Christopher Murphy and Peter Hillman, invited them over to spend the night, and told them they would be able to drive the car. Neither Murphy or Hillman was old enough to hold a driver's license, as Tal knew.

Tal drove the car to two video stores and returned to the Riczker house in Sudbury without incident. He put the keys back in the same hiding place, taking care that he did this unobserved by his friends. The next day, while Tal was in the shower, his friends asked him to let them take a spin in the car. At first, Tal refused, but in the face of their importuning, he gave in and revealed the hiding place. Tal admonished his friends to be careful, and they agreed that if anything were to happen, it would be the fault of whoever was at the wheel.

Hillman drove first, backing the car out of the driveway and then proceeding left onto Dutton Road. After five minutes the boys changed places and Murphy got behind the wheel. On the return to the Riczker house, Murphy lost control of the car and struck Frank Salamone, who was jogging along the side of the road.

1. *Negligent entrustment.* In support of his position that he is not liable, Tal argues that he did not have control over his

---

[3]Tal's mother and father were named as defendants. The claim against his mother was dismissed and the jury returned a verdict in favor of his father.

father's car within the meaning of G. L. c. 90, § 12,[4] or cases such as *Leone* v. *Doran*, 363 Mass. 1, 7-8 (1973),[5] and *Davis* v. *Walent*, 16 Mass. App. Ct. 83, 87 (1983). Those decisions describe *ownership* or *control* of the instrumentality with which damage is done as a necessary element in proving a case of negligent entrustment; e.g., one cannot be careless about letting another drive a motor vehicle unless one owns or controls that motor vehicle. Amplifying on the principle, in *Leone* v. *Doran*, *supra* at 7, the court spoke of "a sufficient proprietary interest as to permit the use of the vehicle by others."

Tal contends that a "proprietary interest" exists only when the defendant has the *right* to control the vehicle. For that proposition there is some authority. See *Lopez* v. *Langer*, 114 Idaho 873, 875 (1988); *Tosh* v. *Scott*, 129 Ill. App. 3d 322, 323 (1984). The owner of the Riczker car, Tal's father, had not permitted his under-age son to use it and did not know he had acquired the means, the keys, to use it. Tal, therefore did not have a legitimate right to use the car. He did, however, at the critical time have physical dominion over the car, albeit through an act of usurpation, filching the keys. Through those keys he controlled the use of the car and claimed the right to decide who else might drive it. We think the better view is to think of control for purposes of negligent entrustment in terms of the ability to determine whether another may use the potentially dangerous instrumentality. See *Land* v. *Niehaus*, 340 So. 2d 760, 762 (Ala. 1976). To hold otherwise would produce the paradox that a person who comes into unauthorized physical control of a car, such as a car thief, would be less subject to civil liability for negligent entrustment than someone authorized to have physical control, such as an owner.

---

[4]So far as pertinent, G. L. c. 90, § 12, provides, "No person shall allow a motor vehicle owned by him or under his control to be operated by any person who has no legal right so to do . . . ."

[5]Vacated and modified in part on other grounds, i.e., as to the disposition of appellate claims of other parties, at 363 Mass. 886 (1973).

There was sufficient evidence before the jury to allow them to find that on the day of the accident, Tal exercised control over the Riczker car in the sense we have discussed that word. Tal kept the set of keys to the car for several weeks in a place known only to him. When he invited his friends to his house and indicated they would have the use of the car, Tal continued to keep the location of the keys secret. In that manner he controlled access to the car. Finally, he granted permission to his friends to use the car and provided the means by telling them where to find the keys.

After retiring to deliberate, the jury sent to the trial judge the following question: "If Tal was not legally in control of the car, was he responsible for the car because he was in physical control of the car?" The jurors astutely identified the itchy spot in the case. The judge responded at some length, but the essence of that response was in the following sentence: "So, the answer to that is that Tal could be held responsible in this action if he exercised actual control over the car, as distinguished from legal control, because there is no evidence that he had any legal control." That, in light of what we have said above, was a correct statement of the law. Certainly the judge's supplementary instruction did not, as Tal asserts on appeal, "eliminat[e] the jury's role as a finder of fact."

2. *Other matters.* Four other points were pressed on appeal. They are without weight and we shall consider them in relatively summary fashion.

(a) *Proximate cause.* The defendant Tal protests that there was insufficient evidence to support a finding that negligence on his part was a proximate cause of Frank Salamone's injuries. Tal knew that Murphy was too young to hold a driver's license or even a learner's permit. He placed Murphy in a position where he could do injury, a possibility of which he was conscious because he discussed with his friends who should take the rap if anything went amiss. Tal, thus, could have been found to be the efficient cause that set in motion a train of events leading to the accident. Letting his friends have the keys put them in a position where they

could — predictably — cause injury. See *Davis* v. *Walent*, 16 Mass. App. Ct. at 88-89.

(b) *Standard of care.* The evidence of the conversation of the boys about how blame would be assigned should there be an accident was sufficient to take to the jury the question whether Tal, at age fifteen, appreciated the danger inherent in allowing an untrained, unlicensed, and inexperienced driver to operate the car.

(c) *Instruction on proximate cause.* The judge gave a correct instruction explaining proximate cause to the jury and the place of intervening negligence in considering proximate cause. The defendant's quarrel with the instruction amounts to nothing more than a preference for certain specific language. A judge is not bound to charge the jury using the exact language — even if correct — requested by a party. *Corsetti* v. *Stone Co.*, 396 Mass. 1, 14-15 (1985). *Willander* v. *Faust*, 5 Mass. App. Ct. 777 (1977).

(d) *Judge's mention of insurance.* In the course of his charge, the judge sketched out the circumstances under which liability might be based on an agency relationship. He remarked,

> "But, that doesn't include, for instance, if you owned an automobile and that automobile was covered by insurance because we know that every automobile in this Commonwealth must be covered by insurance, and you let somebody take your car, for instance your son or your wife."

The defendant says that the mention of insurance poisoned the proceedings, that he was entitled to a mistrial (for which he asked), and that a declaration of a mistrial was wrongly denied. This is a little overwrought. To be sure, the general rule is that evidence of a defendant's insurance ought not be introduced in a negligence action. *Shore* v. *Shore*, 385 Mass. 529, 530 (1982). Here, no evidence of insurance was introduced, nor did the judge purport to describe how much insurance the father carried or whether the policy would cover the negligence of the son. Mentioning in connection with a col-

lateral point that cars in Massachusetts are insured did not impart to the jurors novel information of which they otherwise would have been unaware. In context of the over-all charge, the stray comment did not produce reversible error. See *Cooper* v. *Richter*, 8 Mass. App. Ct. 878, 879 (1979).

*Judgment affirmed.*