FRUGARD v. PRITCHARD

[112 N.C. App. 84 (1993)]

BARBARA C. FRUGARD, PLAINTIFF v. CALVIN LEE PRITCHARD, WILLIAM
MASTORAS, T/A M & M PRODUCE COMPANY, DANIEL FOSTER, AND
WILSON PEST CONTROL COMPANY, INC., DEFENDANTS

No. 9221SC121

(Filed 21 September 1993)

1. **Automobiles and Other Vehicles § 359 (NCI4th)— motorist
with green light—failure to maintain proper lookout—sufficiency
of evidence**

In an action to recover for injuries sustained by plaintiff
pedestrian when defendants collided with each other at a city
intersection, the evidence was sufficient to be submitted to
the jury on the issue of defendant Foster's failure to maintain
a proper lookout where it tended to show that he was stopped
at a red light; he was waving at an individual in a taxi cab
when the light turned green; defendant continued to look to
his right in the direction of the taxi cab even as he proceeded
to enter into the intersection; and defendant failed to see de-
fendant Pritchard entering the intersection from his left against
a red light.

**Am Jur 2d, Automobiles and Highway Traffic §§ 233, 245.**

2. **Automobiles and Other Vehicles § 440 (NCI4th)— applicability
of respondeat superior—agency admitted—negligent entrust-
ment theory irrelevant**

In an action by plaintiff pedestrian to recover for injuries
sustained when defendants collided at a city intersection, the
trial court properly struck the crossclaim of two defendants
against a third for negligent entrustment, since, if the allega-
tions of a complaint are based both on the doctrine of respondeat
superior and negligent entrustment and the agency relation-
ship is admitted, as it was in this case, the liability of the
defendant employer would rest on the doctrine of respondeat
superior only and the negligent entrustment allegation would
become irrelevant and prejudicial.

**Am Jur 2d, Automobiles and Highway Traffic §§ 643-646.**

**Property of allowing person injured in motor vehicle acci-
dent to proceed against vehicle owner under theory of negligent
entrustment where owner admits liability under another theory
of recovery. 30 ALR4th 838.**

3. **Damages § 56 (NCI4th); Courts § 143 (NCI4th)— personal injury action—amount of workers' compensation benefits recovered in another state—North Carolina law governs admissibility**

In an action by plaintiff pedestrian to recover for injuries sustained when defendants collided at a city intersection, the trial court erred in excluding evidence of workers' compensation benefits recovered by plaintiff in Virginia, since the provisions of N.C.G.S. § 97-10.2(e), providing that the amount of workers' compensation benefits paid on account of an injury shall be admissible in any proceeding against the alleged tortfeasor, govern in all actions by a plaintiff employee against a third party as a matter of law in North Carolina, even where plaintiff has recovered workers' compensation under the workers' compensation laws of another state.

**Am Jur 2d, Damages § 56.**

Appeal by defendants from judgment entered 23 August 1991 by Judge Julius A. Rousseau in Forsyth County Superior Court. Heard in the Court of Appeals 6 January 1993.

This is a civil action in which plaintiff Barbara Frugard, a Virginia resident, seeks to recover damages for personal injury caused by the negligent acts of defendants, Calvin Pritchard (Pritchard), William Mastoras, t/a M & M Produce Company (Mastoras), Daniel Foster (Foster), and Wilson Pest Control Company (Wilson).

*Clark & Stant, P.C., by Stephen C. Swain, for plaintiff Barbara C. Frugard.*

*Petree Stockton & Robinson, by Richard J. Keshian, for defendant William Mastoras, t/a M & M Produce Company.*

*Tuggle Duggins & Meschan, P.A., by J. Reed Johnston, Jr. and Denis E. Jacobson, for defendant William Mastoras, t/a M & M Produce Company.*

*Womble Carlyle Sandridge & Rice, by Richard T. Rice and Clayton M. Custer, for defendants Daniel Foster and Wilson Pest Control Company, Inc.*

FRUGARD v. PRITCHARD

[112 N.C. App. 84 (1993)]

JOHNSON, Judge.

Plaintiff initially filed a complaint on 3 August 1988. After taking a voluntary dismissal, plaintiff refiled her complaint on 20 March 1990 and alleged the following: That between 7 and 9 November 1987, plaintiff was attending a cosmetologist convention in Winston-Salem, North Carolina; that on 9 November 1987, plaintiff was a pedestrian lawfully standing on the northwest corner of the intersection of North Cherry Street and West Fifth Street in the city of Winston-Salem, North Carolina; that at that time and place, Pritchard was operating a 1978 Ford stationwagon in the scope of his employment with Mastoras traveling in a northern direction; that at that time and place, Foster was operating a vehicle owned and operated by Wilson traveling in a westerly direction on West Fifth Street; and that then and there defendants negligently and carelessly collided with each other and the vehicle operated by Pritchard struck plaintiff causing her serious and permanent injuries.

In addition, plaintiff alleged that Pritchard and Foster were negligent in that they failed to keep and maintain a proper lookout. Plaintiff also alleged that Pritchard and Foster violated several statutes, municipal codes and ordinances.

All defendants filed answers in a timely manner. Crossclaims were filed by defendants Foster and Wilson against (1) defendants Pritchard and Mastoras for negligence, and (2) defendant Mastoras for negligent entrustment. On 8 July 1991, defendant Mastoras made a motion to strike the second crossclaim filed by defendants Foster and Wilson pursuant to North Carolina General Statutes § 1A-1, Rule 12(f) (1990). The motion was granted by the trial court.

On 15 July 1991, the case proceeded to trial in Forsyth County Superior Court with Judge Julius A. Rousseau presiding. The jury found all defendants negligent and awarded plaintiff $700,000. The motion of defendants Foster and Wilson for judgment notwithstanding the verdict or for new trial was denied. Defendants Foster and Wilson gave timely notice of appeal.

[1] By the first assignment of error, defendants Foster and Wilson contend that the trial court erred in not granting defendants' motion for directed verdict and judgment notwithstanding the verdict. We disagree.

**FRUGARD v. PRITCHARD**

[112 N.C. App. 84 (1993)]

In considering a motion for directed verdict and a motion for judgment notwithstanding the verdict, all evidence which tends to support the plaintiff's claim must be taken in the light most favorable to the plaintiff, giving plaintiff the benefit of every reasonable inference which may legitimately be drawn therefrom. *Farmer v. Chaney*, 292 N.C. 451, 233 S.E.2d 582 (1977); *Summey v. Cauthen*, 283 N.C. 640, 197 S.E.2d 549 (1973). All conflicts in the evidence are to be resolved in plaintiff's favor, and all evidence by defendants tending to show a situation or course of events contrary to that shown by plaintiff's evidence is to be disregarded. *Hill v. Shanks*, 6 N.C. App. 255, 170 S.E.2d 116 (1969).

Plaintiff's evidence tends to show that: On 9 November 1987, plaintiff was standing on the northwest corner of the intersection of Cherry Street and Fifth Street in downtown Winston-Salem. Pritchard, working within the scope of his employment at Mastoras, was traveling on Cherry Street in the middle lane in excess of the posted speed. Foster, working within the scope of his employment for Wilson, had been stopped in the middle lane of Fifth Street at a red stop light. Foster pulled up through the crosswalk to the corner of Cherry Street and Fifth Street while waiting for the light to change. While Foster was stopped at the light, he looked to his right and waved to Melvin Nesbitt who was standing on the northeast corner of the intersection to Foster's right. While stopped at the intersection, Foster also looked to his right and waved to the driver of a taxi cab who was in the right hand lane of Fifth Street and who was preparing to make a right hand turn from Fifth Street onto Cherry Street. After Foster's light turned green, he continued to look to his right in the direction of the driver of the taxi cab and proceeded into the intersection. At the time Foster proceeded into the intersection, there was nothing to obstruct his vision of Pritchard's vehicle had Foster looked to his left. Approximately two seconds before the impact of the accident, William Crawford, Jr., who was parked on the far left hand side of Fifth Street, facing in the same direction as Foster, heard squalling tires. Pritchard did not stop for the red light in his direction. Pritchard entered the intersection and attempted to avoid Foster's vehicle by swerving around it, but Foster hit the Pritchard vehicle on the passenger's side. The collision occurred in the middle of the intersection. As a result of the collision, the Pritchard vehicle struck plaintiff who was standing on the sidewalk on the northwest corner of the intersection, proximately causing her serious and permanent injuries.

A motorist facing a green light when entering an intersection is under the obligation to maintain a proper lookout, in such manner as not to endanger or be likely to endanger others on the highway. *Jones v. Schaffer*, 252 N.C. 368, 375, 114 S.E.2d 105, 110 (1960). "It is the duty of the driver of a motor vehicle not merely to look, but to keep an outlook in the direction of travel; and he is held to the duty of seeing what he ought to have seen." *Wall v. Bain*, 222 N.C. 375, 379, 23 S.E.2d 330, 333 (1942).

> While ordinarily a driver may proceed on a green or 'go' light or signal, he may not rely blindly thereon but should exercise due care as to others who may be in the intersection. . . . Even so, a green light is a signal for motorist to proceed; and if, when he starts forward in response to the green light, no other vehicle is then within the intersection or approaching the intersection within the range of his vision under circumstances sufficient to put him on notice that it is not going to stop in obedience to the red light, his primary obligation thereafter is to keep a proper lookout in the direction of his travel (citation omitted).

*Schaffer*, 252 N.C. at 375, 114 S.E.2d at 111. "Nevertheless, in the absence of anything which gives or should give him notice to the contrary, a motorist has the right to assume and to act on the assumption that another motorist will observe the rules of the road and stop in obedience to a traffic signal." *Id.* at 275, 114 S.E.2d at 110.

Although defendant Foster had the green light, it was his primary obligation to keep a proper lookout in the direction he was traveling. The witnesses provided by plaintiff established that defendant Foster was waving at an individual in a taxi cab when the light turned green. The evidence further established that defendant Foster continued to look to his right in the direction of the taxi cab even as he proceeded to enter into the intersection. We find there was sufficient evidence to take the case to the jury on defendant Foster's failure to maintain a proper lookout. The trial court was correct when it denied defendants' motions for directed verdict and judgment notwithstanding the verdict.

By the second assignment of error, defendants Foster and Wilson contend that the trial court erred in striking defendants' second crossclaim against defendant Mastoras for negligent entrustment. We disagree.

## FRUGARD v. PRITCHARD

[2] In the second crossclaim, defendants Foster and Wilson asserted a claim of negligent retention and negligent entrustment directly against defendant Mastoras. On the first day of trial, the trial judge allowed defendant Mastoras' motion to strike the second crossclaim. Defendant Mastoras' motion to strike was based on his assertion that if he was liable at all, his liability rested solely on the doctrine of respondeat superior because defendant Pritchard was acting in the scope of his employment at the time of the accident. Defendants Foster and Wilson allege they were prejudiced by the ruling of the trial court because they were entitled to prove that the active, independent negligence of defendant Mastoras combined and concurred with the negligence of the other actively negligent tortfeasors (defendants Pritchard and Foster) to produce the injuries sustained.

Negligent entrustment is applicable only when the plaintiff undertakes to impose liability on an owner *not otherwise responsible* for the conduct of the driver of the vehicle. *Heath v. Kirkman*, 240 N.C. 303, 307, 82 S.E.2d 104, 107 (1954) (emphasis added). If the allegations of a complaint are based both on the doctrine of respondeat superior and negligent entrustment and the agency relationship is admitted, the liability of the defendant employer would rest on the doctrine of respondeat superior only and the negligent entrustment allegation would become irrelevant and prejudicial. *Id.*

There has only been one limited exception to the rule of law that negligent entrustment is irrelevant and prejudicial when an agency relationship has been admitted. In *Plummer v. Henry*, 7 N.C. App. 84, 171 S.E.2d 330 (1969), the Court allowed an exception to the general rule where the issue of negligent entrustment was relevant in a claim for punitive damages based on the wilful and wanton entrustment of a vehicle to a person likely to endanger the safety of others.

In the instant case, neither plaintiff, defendant Mastoras nor defendant Pritchard at any time disputed the agency relationship between defendants Mastoras and Pritchard. In fact, the agency relationship between defendants Mastoras and Pritchard was admitted in defendant Mastoras' answer. Additionally, there were no allegations in the crossclaim that defendant Mastoras wilfully and wantonly entrusted the vehicle to defendant Pritchard knowing that he would endanger the lives of others. As we have determined

FRUGARD v. PRITCHARD

[112 N.C. App. 84 (1993)]

that an agency relationship was admitted by defendant Mastoras, and that the exception outlined by the Supreme Court is inapplicable to this case, we find that the trial court was correct in striking defendants' second crossclaim.

[3]   In the last assignment of error, defendants Foster and Wilson, and defendant Mastoras, in his cross-assignment of error, contend that the trial court erred in excluding evidence of workers' compensation benefits by plaintiff. We agree.

Plaintiff argues that Virginia's Workers' Compensation Act should apply as substantive law and that the Virginia Code § 65.2-309 (Repl. Vol. 1991) should apply procedurally. The Virginia Code § 65.2-309 provides that "[t]he amount of compensation paid by the employer or the amount of compensation to which the injured employee or his dependents are entitled *shall not be admissible as evidence* in any action brought to recover damages." (Emphasis added.)

Defendants Foster, Wilson and Mastoras argue that North Carolina's Workers' Compensation Statute should apply substantively and that North Carolina General Statutes § 97-10.2(e) (1991) should apply procedurally. North Carolina General Statutes § 97-10.2(e) provides in pertinent part:

> [T]he amount of compensation and other benefits paid or payable on account of such injury or death *shall be admissible in evidence* in any proceeding against the third party. In the event that said amount of compensation and other benefits is introduced in such a proceeding the court shall instruct the jury that *said amount will be deducted by the court for any amount of damages awarded to the plaintiff.* (Emphasis added.)

This case presents a conflict of laws question as to whether Virginia's or North Carolina's substantive and procedural law apply. The North Carolina Supreme Court recently addressed a conflict of laws question on the issue of workers' compensation. *Braxton v. Anco Electric, Inc.*, 330 N.C. 124, 409 S.E.2d 914 (1991). In *Braxton*, the plaintiff worked for a North Carolina corporation but was injured on a construction site in Virginia. The plaintiff was suing a third party for personal injuries. The defendant argued that Virginia's Workers' Compensation Act was applicable and barred the plaintiff's claim. The plaintiff argued that North Carolina's Workers' Compensation Statute was applicable and should allow

FRUGARD v. PRITCHARD

[112 N.C. App. 84 (1993)]

the action by the plaintiff. The Court, in determining which law should apply, reasoned that because the plaintiff's employment was under a North Carolina contract, with a North Carolina employer and embraced within the terms of the Workers' Compensation Act in North Carolina, that his contract of employment was entirely foreign to the state of Virginia's Workers' Compensation Act. Accordingly, the Court concluded that North Carolina's Workers' Compensation Statute applied.

In the instant case, plaintiff's place of business is in Virginia and embraced within the terms of Virginia's Workers' Compensation Act so that her employment is entirely foreign to North Carolina's Workers' Compensation Statute. Virginia's Workers' Compensation Act therefore governs the substantive law to be applied.

In procedural matters, however, it is well-established law that the law of the forum (*lex fori*), North Carolina in the instant case, controls all matters pertaining to procedure and remedy. *Transportation, Inc. v. Strick Corp.*, 283 N.C. 423, 196 S.E.2d 711 (1973). Moreover, a federal district court in North Carolina has specifically addressed the procedural conflict of laws issue on the admissibility of workers' compensation benefits when the workers' compensation benefits were recovered under another state's workers' compensation statute. *Geiger v. Guilford Coll. Comm. Volunteer Firemen's*, 668 F. Supp 492 (M.N.D.C. 1987). The provisions of North Carolina General Statutes § 97-10.2(e) govern in all actions by a plaintiff employee against a third party as a matter of law in North Carolina, even where plaintiff has recovered workers' compensation under the workers' compensation laws of another state. *Geiger*, 688 F. Supp. at 496. Accordingly, the workers' compensation benefits received by plaintiff should have been allowed into evidence pursuant to North Carolina General Statutes § 97-10.2(e). As such, we find the trial court incorrectly applied Virginia procedural law committing prejudicial error.

For the foregoing reasons, we find no error on the issue of liability; we reverse and remand for a new trial on the issue of damages.

Judges GREENE and MARTIN concur.