Bernstein, J.
Defendant Yoder & Frey Auctioneers (hereinafter ‘Yoder”) appeals the granting of plaintiff Derco Truck & Equipment Corp.’s (hereinafter “Derco”) Motion For Relief from Judgment, which allowed a new trial based on newly discovered evidence. Yoder claims that the motion granting the new trial was not timely filed within the time limitations required by Dist./Mun. Cts. R. Civ. P., Rule 59 and that the relief offered by Dist./Mun. Cts. R. Civ. P., Rule 60(b) (2) does not extend as far as granting a new trial; and, therefore, the trial court exceeded its authority and jurisdiction. Defendant further alleges error by the trial court in its rulings of law following a second trial.
Following the first trial on the merits for breach of contract and violation of G.L.c. 93A for selling a tractor with a defective title and missing vehicle identification number, judgment entered for the defendant, Yoder, on June 25,1991. On July 24, 1991, Derco filed a Motion for Relief from Judgment. Derco’s motion stated that it was brought pursuant to Dist./Mun. R. Civ. R, Rule 60(b) (2) and 60(b) (3). However, in the same motion, the plaintiff, Derco, alternatively moved “that a new trial be ordered or that the court vacate the prior judgment and re-open the trial for the purpose of taking additional evidence from Thomas A Gibson.”
The case arose from Yoder’s sale of a 1980 Kenworth tractor to Derco at an auction held in Florida in 1989. Upon discovering that the vehicle identification number (“VIN”) on the tractor was unidentifiable and could not be matched with the VTN on the title, Derco claimed that Yoder failed to deliver a valid title to the tractor. The title had issued from North Carolina. Derco wished to exchange the North Carolina title for a Florida title. At trial, Thomas Gibson, an attorney for Yoder, testified that he offered to assist Derco in its effort to obtain a Florida title and on three occasions informed Derco, in writing, what steps it should take to obtain a valid certificate of title. At the time Gibson offered to obtain a Florida title if Derco would return the North Carolina title to Yoder. Derco refused all offers of assistance and subsequently filed its complaint.
On December 30,1992, seventeen months after plaintiff’s motion was filed, the trial judge allowed the motion for relief from judgment as a motion for new trial. A new trial was then held in April, 1994 and judgment entered for Derco in the amount of $22,000.
The court’s decision granting the new trial read as follows: "... Court treats Plaintiff’s Motion for Relief From Judgment as a Motion for New Trial and allows same. New Trial ordered.” The report states that the trial judge’s original finding was based largely on the testimony of Thomas Gibson. The report states that “defendant’s actions, following the court’s decision, were in substantial variance *65 with the defendant’s testimony and representations at trial and constituted newly discovered evidence. The court determined that the plaintiff could not have been aware of such variance in time to move for a new trial under Rule 59(b).”
What happened here is that, after an adverse judgment in the first trial, Derco sought to take advantage of Yoder’s previous offers of assistance to obtain good title. Those offers were communicated by a series of letters from Gibson to Derco on April 12, 1989, June 1, 1989 and April 2, 1990. The letters were similar in outlining the process which Derco should follow to exchange its title. Unlike its earlier offers, however, Yoder, in a letter to Derco dated July 16, 1991, attached certain conditions precedent to the offer in light of the costs it had incurred in connection with the litigation, the passage of two years, and the possible changes in the Florida Registry of Motor Vehicle policies. Yoder sought to cover its expenses in connection with obtaining a new tifie, recover its costs in defending the lawsuit, and obtain a release from liability in connection with obtaining the title. The first trier of fact found these proffered conditions to be newly discovered evidence.
Mass. R. Civ. P., Rule 59(b) provides that “[a] motion for a new trial shall be served not later than ten days after the entry of judgment.” Albano v. Bonanza International Development Co., 5 Mass. App. Ct. 692 (1977) The ten-day time period set forth in Rule 59 may not be extended by the trial court and cannot be circumvented regardless of excuse. Dist./Mun. R. Civ. P., Rule 6 (b).
Derco’s mixed motion, however, sought alternative relief under Dist./Mun. R. Civ. P., Rule 60(b) (2), which is available for parties which discover new evidence after the ten days has elapsed. Van Alstyne v. Whalen, 15 Mass. App. Ct. 340 (1983). “Rule 60(b), however, affords a verdict-loser relief on this ground, so long as he moves within a year after judgment.” Except for the differing time limit, relief under either Rule [59(a)(1) or Rule 60(b)(2) for newly discovered evidence] requires the same showing. 8 J.W. SMITH & H.B. ZOBEL, RULES PRACTICE, §59.5, at 446 (1977).
Rule 60(b) (2) provides that “the court may relieve a party or his legal representative from a final judgment... for newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).” A new trial is a form of relief from judgment encompassed by Rule 60(b) (2). Van Alstyne, supra. See also Van Alstyne v. Whalen, 20 Mass. App. Ct. 239, 240 (1985), which summarizes the earlier history of the case as follows: “[Van Alstyne] moved for relief from judgment and for a new trial on the basis of newly discovered evidence.” A new trial was allowed on the issue of damages.
The case of Cullen Enterprises, Inc. v. Massachusetts Property Insurance Underwriting Association, 399 Mass. 886, 894, n. 17 (1987), is also instructive when it states: “ [t] he standard applicable in rule 60(b) (2) motions is the same as that applicable in rule 59(b) motions; therefore, decisions construing rule 59(b) are authoritative in construing rule 60(b)(2),” citing 11 C.A. WRIGHT & A.R. MILLER, FEDERAL PRACTICE AND PROCEDURE, §2859 at 181 (1973).
There remains the question whether the underlying basis proffered by Derco for the granting of a new trial constitutes newly discovered evidence. The governing principles on newly discovered evidence are set forth in DeLuca v. Boston Elev. Ry., 312 Mass. 495, 497-498 (1942), as follows:
a new trial on the ground of newly discovered evidence cannot properly be granted unless it is found that the evidence relied on was not available to the party seeking a new trial for introduction at the original trial by the exercise of reasonable diligence, and that such evidence is material not only in the sense that it is relevant and admissible but also in the sense that it is important evidence of such a nature as to be likely to affect the result.
The movant bears the burden of showing that the evidence could not have been discovered by due diligence in time to move for a new trial. Dist./Mun. Cts. R. Civ. *66 E, Rule 59(b). The allowance or denial of a motion for a new trial on the ground of newly discovered evidence rests in the sound discretion of the judge, and her action can be overturned only if it appears that there was abuse of such discretion amounting to error of law. Van Alstyne, 15 Mass. App. Ct. at 350, citing Davis v. Boston Elevated Railway, 235 Mass. 482, 496-497 (1920). “Most critical scrutiny must be given to the kind of evidence offered in support of the motion, to the sources from which it comes, and the circumstances under which it is produced.” Van Alstyne, supra at 351, citing Berggren v. Mutual Life Insurance Co., 231 Mass, at 177.
In the instant action, the conditions of Yoder after trial do not qualify as “newly discovered” within the meaning of Mass. R. Civ. R, Rule 60(b)(2). Nor is the evidence material in the sense that it is sufficiently important or of such a nature as to be likely to affect the result. The material contained in the letter of July 16, 1991, is simply the prevailing party increasing its requirements by demanding costs in connection with its efforts to assist Derco after trial. Nor does the mention of additional conditions relating to Yoder’s offer of assistance likely change the original outcome. It is undisputed that Derco continued to reject the offers of assistance by Yoder on each occasion prior to the first trial.
Even if Yoder might not be able to offer the assistance because of the passage of time and the change in policy, the plaintiff (Derco) has not shown that it would have been able to obtain that evidence without due diligence. In determining that the letter of July 16,1991, was “newly discovered evidence,” the judge abused her discretion.
Therefore, the report of the defendant/appellant is allowed; the judgment for plaintiff/appellee is reversed. Accordingly, we need not reach the issues raised by defendant/appellant regarding rulings of law in the second trial.