KATHY Y. COBLE, Administratrix of the Estate of WILLIAM C. WITTY, Deceased, Plaintiff v. DANIEL BRIAN KNIGHT and DANNY K. KNIGHT, Defendants

No. COA97-1167

(Filed 1 September 1998)

## Motor Vehicles— negligent entrustment—ownership of vehicle required

The trial court properly granted summary judgment for defendant in a wrongful death action arising from an automobile accident where defendant-Daniel Knight was the owner and driver of the vehicle; Daniel and decedent drank alcoholic beverages for several hours, Daniel locked his keys in the car at a gas station, called home, and asked his father to bring a spare set of keys; his father did so and this accident occurred shortly thereafter; and decedent's estate brought this action alleging that Daniel's father had negligently entrusted the automobile to his son. Negligent entrustment is applicable only when a plaintiff undertakes to impose liability on an owner. Although the estate argues that negligent entrustment should be extended to anyone who provides the keys and control to one who is too intoxicated to drive, any reexamination of this law must be undertaken by the Supreme Court or the legislature.

Appeal by plaintiff from order entered 21 July 1997 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 30 April 1998.

*Dotson & Kirkman, by John W. Kirkman, Jr., for plaintiff.*

*Frazier, Frazier & Mahler, L.L.P., by Torin L. Fury, for defendants.*

WYNN, Judge.

Under North Carolina law, the theory of negligent entrustment imposes liability only upon an owner not otherwise responsible for the conduct of the driver of the vehicle. *Frugard v. Pritchard,* 112 N.C. App. 84, 89, 434 S.E.2d 620, 624 (1993). In this case, the plaintiff urges us to extend negligent entrustment liability to a non-owner father who delivered vehicle keys to his twenty year old son when he knew or at least should have known that his son was intoxicated at the time of the delivery. Because under the existing law in this State, ownership must be proven to establish a claim of negligent entrust-

ment, we affirm the order of the trial court granting summary judgment in favor of the father. This appeal arises as a result of a 1993 fatal automobile accident involving Daniel Brian Knight as the owner and driver of the vehicle, and William C. Witty as his passenger.

On the eve of the accident, Daniel and William drank alcoholic beverages for several hours and later stopped at a gas station to purchase cigarettes. However, upon exiting his automobile, Daniel locked his keys in the automobile. He called home and requested his father, Danny K. Knight, to bring him his spare set of keys. The father, in response, drove to the gas station and handed the spare keys to his son. Shortly thereafter, the subject accident occurred killing William.

William's estate brought this wrongful death action in Guilford County Superior Court alleging that Daniel Brian Knight negligently operated his automobile and that Daniel's father negligently entrusted that automobile to his son. William's estate now appeals to this Court from the trial court's summary judgment ruling that the claim against the father was without merit.

"Negligent entrustment is applicable only when the plaintiff undertakes to impose liability on *an owner* not otherwise responsible for the conduct of the driver of the vehicle." *Frugard v. Pritchard*, 112 N.C. App. 84, 89, 434 S.E.2d 620, 624 (1993) (citing *Heath v. Kirkman*, 240 N.C. 303, 307, 82 S.E.2d 104, 107 (1954)) (emphasis added). Under this tort theory, a defendant is considered negligent when he, as owner of an automobile, "entrusts its operation to a person whom he knows, or by the exercise of due care should have known, to be an incompetent or reckless driver, . . . likely to cause injury to others." *Swicegood v. Cooper*, 341 N.C. 178, 180, 459 S.E.2d 206, 207 (1995) (citations omitted). Consequently, because of his own negligence, the owner is liable for any resulting injury or damage proximately caused by the borrower's negligence. *Id.*(citing *Roberts v. Hill*, 240 N.C. 373, 82 S.E.2d. 2d 373 (1954)).

Here, since the son owned the vehicle, the father argues on appeal that William's estate cannot make out a valid claim of negligent entrustment because he was not an owner. In response, William's estate acknowledges that under existing North Carolina law, ownership of the vehicle is a requisite element of a negligent entrustment claim. However, the estate argues that although the father in this case did not have legal ownership of his son's automobile, he did have "actual control" of the vehicle because he possessed his son's spare keys. Following this logic, the estate urges us to

extend liability under North Carolina's negligent entrustment theory to include not only owners of vehicles, but "anyone who provides the keys and control over an automobile to another who may be too intoxicated to drive."

While the efficacy of this argument provides persuasive legal thought, case law from both this Court and our Supreme Court compels us to hold that the theory of negligent entrustment requires proof of ownership in order to impose liability on the father. *See e.g. Swicegood, supra* (stating that "[n]egligent entrustment occurs when the *owner* of an automobile 'entrusts its operation to a person whom he knows, or by the exercise of due care should have known, to be an incompetent or reckless driver' ") (emphasis added); *Frugard, supra* (noting that "[n]egligent entrustment is applicable only when the plaintiff undertakes to impose liability on an *owner* not otherwise responsible for the conduct of the driver of the vehicle") (emphasis added); *Dinkins v. Booe,* 252 N.C. 731, 114 S.E.2d 672 (1960) (holding that the issue of negligent entrustment was correctly submitted to the jury where the evidence showed that the *owner* of the automobile knew, among other things, that the driver had a "very serious" automobile accident a few years earlier); *Heath, supra* (noting that negligent entrustment imposes liability on an *owner* of motor vehicle because of his own negligence in entrusting the operation of the vehicle to another) (emphasis added); *Roberts v. Hill,* 240 N.C. 373, 377, 82 S.E.2d 373, 377 (stating that liability under doctrine of negligent entrustment rest first upon "*ownership* of the automobile") (emphasis added); and *Bogen v. Bogen,* 220 N.C. 648, 650-51, 18 S.E.2d 162, 163 (1942) (negligent entrustment "depends on common law principles, upon the *ownership* of the automobile, the incompetency of the bailee to whom its operation is entrusted to operate it properly and safely, the *owner's* timely knowledge of such incompetence, and injury to a third person resulting proximately from the incompetence of the bailee") (emphasis added). Thus, any reexamination of this law in light of this State's policy to keep drunk drivers off the road, must be undertaken by our Supreme Court or our legislature.

Notedly, a few states have imposed liability on non-owners who have negligently entrusted vehicles to persons whom they knew or should have known were intoxicated. *See Wagner v. Schlue,* 605 A.2d 294 (N.J. Super. Ct. Law Div. 1992); *Salamone v. Riczker,* 590 N.E.2d 698 (Mass. App. Ct. 1992); *Keller v. Kiedinger,* 389 So.2d 129 (Ala. 1980); and *Land v. Niehaus,* 340 So. 2d 760 (Ala. 1976). Those states premise the rationale for extending liability to non-owners primarily

upon the belief that the public's interest in keeping drunk drivers off the roads far outweighs any concern about the infringement on individual liberty. *See Wagner*, 605 A.2d at 296. For example, in *Wagner*, the Superior Court of New Jersey held that "when a person faced with the question of whether to give car keys and control over an automobile to one who is too intoxicated to drive, that person must know, at that time, what the consequences of his or her action may be[;]" it was not necessary, the court noted, to wait and see if a third party was injured before such a duty was imposed upon a non-owner. *Id.* Likewise, in imposing a similar duty on non-owners, the Massachusetts Court of Appeals observed in *Salamone* that "[t]o hold otherwise would produce the paradox that a person who comes into unauthorized physical control of a car, such as a car thief, would be less subject to civil liability for negligent entrustment than someone authorized to have physical control, such as an owner." 590 N.E.2d at 699-700.

On the other hand, numerous other states have refused to hold non-owners of vehicles liable under a theory of negligent entrustment. *See Congini v. Portersville Valve Co.*, 470 A.2d 515 (Pa. 1983); *Lather v. Berg*, 519 N.E.2d 755 (Ind. Ct. App. 1988); *Mills v. Continental Parking Corp.*, 475 P.2d 673 (Nev. 1970); *Bahm v. Dormanen* 543 P.2d 379 (Mont. 1975); and *Hulse v. Driver*, 524 P.2d 255 (Wash. Ct. App. 1974). In fact, some courts have held as such even when confronted with situations in which the defendants, although non-owners, had actual control of the vehicles in question. For example, *in Hulse, supra*, the Washington Court of Appeals refused to apply the theory of negligent entrustment to three minor passengers who unsuccessfully attempted to persuade the intoxicated owner of the car not to drive. In that case, the owner drove and drank wine with three of his friends. Two of the boys complained of the owner's carelessness and suggested that someone else drive. One of them took over the wheel for a short time, but stopped the car to let another boy drive. However, the owner slid into the driver's seat and resumed driving, ignoring his friends' attempts to dissuade him. Soon thereafter, the owner drove into the oncoming lane of traffic and collided head-on with the decedent's vehicle. On appeal, the Washington Court of Appeals refused to apply the theory of negligent entrustment to these facts because the passengers, it held, had no legal basis upon which to deny the owner control of his car. *Hulse*, 524 P.2d at 259. According to the court, if the three boys had refused to relinquish the wheel when the owner demanded control of his automobile, their actions would have amounted to a conversion. *Id.* at 259-60.

**COBLE v. KNIGHT**

[130 N.C. App. 652 (1998)]

Similarly, when addressing the issue of whether two co-defendants could be held liable for negligently entrusting the keys to a vehicle to its intoxicated owner, the Indiana Court of Appeals held in *Lather, supra*, that even if the defendants could have effectively controlled the owner's use of the car by not returning the keys to him, they could not be held liable under a theory of negligent entrustment because neither of them owned nor had a right to control the vehicle. 519 N.E.2d at 765. Significantly, in reaching this conclusion, the court noted that " '[n]egligent entrustment is founded on control which is greater [than] physical power to prevent' " and that " '[a] superior if not exclusive legal right to the object is a precondition to the imposition of the legal duty.' " *Id.* at 764 (citations omitted).

Bearing in mind the law as it exists in this State, we conclude that of the case law discussed above, the view which most accurately reflects North Carolina law is that espoused by those states which oppose extending negligent entrustment liability in the manner posited by William's estate. *See Swicegood, supra; Frugard, supra; Dinkins, supra; Heath, supra; Roberts, supra; and Bogen, supra.*

Furthermore, even if we assume, for the sake of argument, that North Carolina law does not bar plaintiff's negligent entrustment claim for lack of the ownership element, we would still hold that the trial court properly barred the negligent entrustment claim of William's estate as the facts of this case show that William was contributorily negligent in riding in a vehicle with a person whom he knew or should have known was intoxicated. *Meachum v. Faw*, 112 N.C. App. 489, 495, 436 S.E.2d 141, 144 (1993) (holding that plaintiff's negligent entrustment claim is barred by decedent's contributory negligence because "decedent's own negligence in driving while voluntarily intoxicated rose to the level of the defendant's negligence in entrusting the automobile to her"). Indeed, if, as William's estate argues, the intoxicated condition of the son was, or at least should have been apparent to his father when he handed the spare keys to his son, then under the facts of this case, the only conclusion to be drawn is that the son's intoxicated state was equally obvious to William when he got into the vehicle with the son. The record shows that William and Daniel drank alcoholic beverages for hours prior to stopping at the gas station. Thereafter, they waited together until Daniel's father arrived. These facts show conclusively that William's negligence in riding with the intoxicated son rose at least to the level of the father's alleged negligence in entrusting the automobile to his

son. Such negligence on William's part, of course, acts as a bar to any claim his estate has against the father's negligence.

Finally, we decline any comment on whether the estate could have brought a common law negligence claim arising out of a showing that the father aided and abetted the son in the commission of an offense—driving while impaired. The estate did not bring such a claim and thus, we hold for another day the determination of the validity of such a cause of action.

In sum, the trial court's order dismissing the estate's negligent entrustment claim is,

Affirmed.

Judges MARTIN, John C. and WALKER concur.