STATE v. JARVIS GLENN WARD.

(Filed 12 December 1962.)

1. **Automobiles § 59—    Evidence held for jury on issue of culpable negligence.**

   In this prosecution for manslaughter in striking an aged woman crossing a highway, the testimony and the physical facts at the scene, including evidence that defendant's car skidded 150 feet sidewise before striking deceased and skidded an additional 136 feet after stricking her, that defendant saw deceased when she was some 700 feet away but did not attempt to avoid the collision until within 150 feet of her, together with evidence of other facts and circumstances, *is held* sufficient to justify a finding that defendant violated both the reckless driving and speeding statutes and, even though such violations were unintentional, that defendant evinced such recklessness and carelessness as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others, and therefore motion for nonsuit was correctly denied.

2. **Automobiles § 57;    Negligence § 32—**

   Contributory negligence of the person injured and killed is no defense in a prosecution for manslaughter, but is relevant and material solely on the question of whether defendant's negligence was a proximate cause of the injury and death, and defendant is not exculpated by contributory negligence if the injury and death resulted directly and naturally from his culpable negligence.

APPEAL by defendant from *Froneberger, J.,* February 1962 Mixed Term of CATAWBA.

This is a criminal action in which defendant is charged with involuntary manslaughter in the operation of an automobile.

Plea: Not guilty. Verdict: Guilty. Judgment: Active prison sentence.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*
*Richard A. Williams and Martin C. Pannell for defendant.*

MOORE, J.  Defendant contends that the court erred in overruling his motion for nonsuit.

Defendant offered no evidence. The State's evidence, in the aspect most favorable to the prosecution, is summarized as follows:

About 1:00 P.M. on 25 March 1961 Mrs. Alice Melvina Caldwell, while walking across the Providence Road, was struck and killed by a 1954 Oldsmobile driven by defendant. Mrs. Caldwell was 85 years old. At times she wore glasses; sometimes she had "a little trouble hearing," and at other times "she could hear real good." The accident occurred in a rural area. Providence Road runs generally north and south; it is paved and is 20 feet wide. The speed limit at the place of the accident was 55 miles per hour. On the day in question the weather was clear and the road was dry. Defendant was proceeding northwardly. There is a curve in the road 3/20 of a mile, or about 700 feet, south of the point of the accident. From this curve to the point of impact the road is straight and is on a slight upgrade. The accident occurred about the crest of the hill. Defendant stated to the investigating patrolman that "he was running at least 55 miles per hour," and that "when he came around the curve there was a woman standing on the East side of the road, and that when he first saw her, she was walking very slowly towards the middle of the road, and that she got to the center and stopped — paused momentarily — and continued on towards the other side of the road." Defendant pulled to the left side of the road and applied brakes. Defendant's car skidded 150 feet along the west side of the highway before it struck deceased. Most of this distance it was skidding sidewise, the front toward the west and the rear toward the center of the road. Deceased was struck by the right rear door of the car at a point 3 feet and 10 inches west of the centerline of the highway. She was knocked upwards, turned over and over, and landed in a field on the east side of the road. The car skidded an additional 136 feet after striking her, and in the process knocked down two mail boxes, left the highway on the west side, crossed a ditch and came to rest in a field 17 feet and 2 inches from the hardsurface.

Deceased's daughter-in-law, an eyewitness, stated that defendant "was coming up the road as fast as he could go." Deceased's granddaughter testified: "I heard a car coming up the road, and it was coming real fast — with a noise like a car makes when it goes real fast." There was evidence that no horn was sounded. There was a strong odor of intoxicants on defendant's breath. The patrolman testified: ". . . (H)e was under the influence of intoxicants, but not to the degree that I would charge him with driving an automobile drunk. In my opinion a borderline situation." Mrs. Caldwell suffered multiple injuries, and all of her ribs, both arms, both legs, and the collarbone on one side were broken, and she had a head injury. Death was instantaneous.

In our opinion the State's evidence is sufficient to withstand the motion for nonsuit. It warrants the following inferences: Defendant first saw Mrs. Caldwell when he rounded the curve 700 feet away. His view was clear and unobstructed. She was then at or within a few feet of the edge of the hardsurface. He observed her walking slowly across the road, saw her pause momentarily at the center of the highway and then continue westwardly. At a distance of more than 150 feet from the point of impact he turned to the left and applied brakes. He then skidded 286 feet out of control. The road was dry, yet he skidded side-wise 150 feet uphill before he struck her at a point 3 feet and 10 inches west of the centerline of the road, and then skidded 136 feet beyond. He knocked down two mail boxes, crossed a ditch and came to rest in a field 17 feet west of the hardsurface. He had been drinking. When the vehicle struck Mrs. Caldwell it knocked her aloft, tumbling over and over, and threw her into a field on the east side of the highway. The impact was so great that all her ribs, both legs, both arms and her collarbone were broken, her head was injured and death was instantaneous.

The physical facts speak in terms loud and clear. *State v. Phelps,* 242 N.C. 540, 89 S.E. 2d 132; *State v. Blankenship,* 229 N.C. 589, 50 S.E. 2d 724; *State v. Hough,* 227 N.C. 596, 42 S.E. 2d 659. The evidence is sufficient to justify a jury in finding that defendant was in violation of the reckless driving and speed statutes (G.S. 20-140 and G.S. 20-141), and such violations proximately caused the death of Mrs. Caldwell. The reckless driving and speed statutes are designed for the protection of life, limb and property. *State v. Palmer,* 197 N.C. 135, 147 S.E. 817. Though it be conceded that the violation of these statutes in the instant case was unintentional, yet the circumstances permit the inference that defendant evinced such recklessness and carelessness, proximately resulting in death, as imports a thoughtless disregard of consequences or a heedless indifference to the right and safety of others. *State v. Phelps, supra; State v. Cope,* 204 N.C. 28, 167 S.E.

456. The fact that defendant at length made an effort to avoid the accident does not avail him when it appears that his recklessness was responsible for his inability to control the vehicle. *State v. Stansell,* 203 N.C. 69, 164 S.E. 580.

Defendant relies heavily upon two civil cases, *Brafford v. Cook,* 232 N.C. 699, 62 S.E. 2d 327, and *Tysinger v. Dairy Products,* 225 N.C. 717, 36 S.E. 2d 246. Both involved pedestrians crossing highways, and in both contributory negligence was strongly urged. In the former it was held that it was a case for the jury, and in the latter that material on the question whether defendant is guilty of culpable negligence is no defense in a criminal action, but is relevant and deceased was contributorily negligent as a matter of law. Contributory negligence. The act of the accused need not be the immediate cause of death; defendant is legally accountable if the direct cause is the natural result of the criminal act. *State v. Phelps, supra; State v. Minton,* 234 N.C. 716, 68 S.E. 2d 844. The case at bar is in some respects analogous factually to the following cases: *State v. Renfrow,* 245 N.C. 665, 97 S.E. 2d 218; *State v. Phelps, supra; State v. Smith,* 238 N.C. 82, 76 S.E. 2d 363; *State v. Triplett,* 237 N.C. 604, 75 S.E. 2d 517; *State v. Huggins,* 214 N.C. 568, 199 S.E. 926; *State v. Cope, supra; State v. Durham,* 201 N.C. 724, 161 S.E. 398. Of course, no two cases are factually identical.

Defendant makes 13 other assignments of error based on 17 exceptions. They present no novel questions of law and do not justify discussion and restatement of familiar principles. We have carefully considered them and find no errors which would justify a new trial.

No error.