STATE v. JAMES THOMAS FULLER

(Filed 20 March 1963.)

**1. Automobiles § 56;  Negligence § 31—**

Culpable negligence in the law of crimes is more than a mere want of due care, and is such recklessness or carelessness resulting in injury or death as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others, and each case must be determined upon its own particular facts.

**2. Automobiles § 59—  Evidence held insufficient to be submitted to the jury on the issue of culpable negligence.**

The evidence tended to show that defendant was traveling on a three lane highway, the center lane for passing, that defendant traveled at excessive speed in overtaking a preceding car but was able to slow down without striking the preceding vehicle, although in doing so his car wobbled in its lane of travel, that defendant then turned partially into the passing lane to pass the preceding car, and collided head-on with a car, traveling in the opposite direction in the passing lane, which was passing two other cars traveling in its direction. *Held:* Defendant's excessive speed could not be a proximate cause of the accident, and while all of the evidence shows that defendant violated G.S. 20-150(a) in failing to ascertain that the center lane was free of all on-coming traffic before attempting to pass the car preceding him, it is insufficient to be submitted to the jury on the question of defendant's culpable negligence.

APPEAL by defendant from *Bone, J.,* November 1962 Term of PENDER.

This is a criminal action in which defendant is charged with manslaughter because of the death of Mrs. Audrey Smith Tedder in an automobile accident.

Plea: Not guilty. Verdict: Guilty. Judgment: Active prison sentence.

*Attorney General Bruton and Assistant Attorney General McGalliard for the State.*

*Rountree & Clark and George Rountree, III, for defendant.*

MOORE, J.  Defendant excepts to the denial of his motion for nonsuit. It is stipulated by the defendant that deceased came to her death as a result of injuries received when the car in which she was riding collided with the automobile defendant was driving.

The evidence, in the light most favorable to the State, is summarized as follows: The accident occurred about 5:00 P.M., 13 October 1962, on U. S. Highway 17 about 1½ miles north of Hampstead in Pender County. The highway is straight and level for at least one-half mile in each direction from the point of accident. It has three lanes, each 11 feet wide — one for north-bound traffic, one for south-bound traffic, and a passing lane. The posted speed limit is 60 miles per hour. The weather was clear and the road dry. Deceased was a passenger in a 1956 Buick owned and being operated by her husband, Burris C. Tedder. They were travelling north and following two cars. Tedder pulled into the center lane to pass, and after he had travelled in the center lane 300 to 600 feet and was abreast the front north-bound car, defendant, who was going south and following another car, pulled into the center lane. At this juncture defendant and Tedder were 50 feet apart. The speed of the Tedder car was 45 to 50 miles per hour. Defendant "never did get all of the way into the lane but approximately 4 to 4½ feet in the middle lane." Tedder attempted to apply brakes but could not avoid collision. The left front of Tedder's car collided with the left front of defendant's car. Defendant was driving a 1955 Ford. He entered the highway at Woodside a short distance north of the point of accident. As he pulled onto the highway he "sort of weaved on the road." A southbound car passed him. He overtook this car, which was going 50 miles per hour. Defendant's car "came up so fast behind the car preceding it that, when he slowed down, the front end dropped, and he came up on the tail of the car in front of him (within 7 or 8 feet of it) ; and his car started weaving in his own lane." His "left front tire crossed into the center lane when he hit the brakes." He was going in excess of 60 miles "immediately prior to the accident." The debris from the collision was on the west side of the center lane.

Defendant's car travelled 246 feet after the impact, the Tedder car 220 feet. Defendant was sober. There was no physical evidence on the road that either car had applied brakes before the accident.

The evidence supports the inference that the death of Mrs. Tedder was proximately caused by the negligence of defendant. "It is settled law with us that a want of due care or a failure to observe the rule of the prudent man, which proximately produces an injury, will render one liable for damages in a civil action, while culpable negligence, under the criminal law, is such recklessness or carelessness, resulting in injury or death, as imports a thoughtless disregard of consequences or heedless indifference to the safety and rights of others." *State v. Becker,* 241 N.C. 321, 328, 85 S.E. 2d 327. Our inquiry here is whether the State has made out a *prima facie* case of culpable negligence.

No two cases are factually the same. It is not always an easy task to distinguish between ordinary negligence and reckless conduct. Each case must be decided according to its own peculiar circumstances. There is some evidence of excessive speed on defendant's part. A witness testified that he had an opinion as to defendant's speed immediately prior to the accident, and stated: "I would say in excess of 60 miles per hour; I don't know. I was driving 50 (meeting defendant).... (I)f I knew how fast defendant's automobile was going, I would tell you." This is the only estimate of defendant's speed appearing in the record. The witness did not indicate whether this was defendant's speed in overtaking the vehicle he was following, or his speed while in the center lane. There was testimony that defendant's car was weaving immediately after he came on the highway at Woodside, and was weaving after he reduced speed in overtaking the preceding car. Defendant explained that he had a weak shock absorber and the motion of his car is more aptly described as "rocking." Defendant was sober; there is no evidence to the contrary. There is no permissible inference that his car was at any time out of control, as was the case in *State v. Ward,* 258 N.C. 330, 128 S.E. 2d 673. In our opinion the matter of control is crucial in this case. If defendant's car was weaving, it was "weaving in its own lane." Defendant was able to reduce speed when he overtook the preceding car without leaving brake marks on the road. There is testimony that his left wheel crossed into the center lane when he applied brakes. If so, this was before he turned to the left to pass, for his car was seen to weave and come down in front when he reduced speed, all in his own lane. It is our opinion that, if defendant was guilty of excessive speed at any time, it was not a proximate cause of the collision. When a driver starts to pass a car in front of him he necessarily increases speed. It will be noted also the defend-

ant's car travelled after the collision only slightly farther than Tedder's car.

Defendant was in violation of G.S. 20-150(a): He did not ascertain that the center lane was free of oncoming traffic. His failure to keep a proper lookout was the proximate cause of the collision. The evidence does not warrant a conclusion that defendant intentionally drove into the center lane with actual knowledge of the presence and position therein of the Tedder car. The unintentional violation of a prohibitory statute, unaccompanied by recklessness or probable consequences of a dangerous nature, when tested by the rule of reasonable foreseeability, is not such negligence as imports criminal responsibility. But if it is accompanied by recklessness or probable consequences of a dangerous nature, when tested by the foreseeability rule, amounting altogether to a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others, then such negligence, if injury or death ensues, is culpable. *State v. Cope,* 204 N.C. 28, 167 S.E. 456. Culpable negligence rests on the assumption that defendant knew the probable consequences of his act but was intentionally, recklessly, or wantonly indifferent to the result. *State v. Stansell,* 203 N.C. 69, 164 S.E. 580.

This is a near borderline case. Defendant was travelling on a highway on which heavy traffic and passing were to be expected. The exercise of careful lookout is especially indicated on a highway having a passing lane. Even so, it is our opinion that the evidence fails to make out a case of culpable negligence. *See State v. Becker, supra.*

The instant case is somewhat factually analogous to *State v. Gurley,* 257 N.C. 270, 125 S.E. 2d 445, in which defendant was attempting to pass a car going in the same direction and collided head-on with a car going in the opposite direction. In the opinion by a divided Court the evidence was held sufficient to withstand nonsuit. But there was some evidence that defendant was under the influence of intoxicants, and it was this feature of the case which finally decided the matter against defendant.

In the following cases, which are similar in many respects to the case at bar, the evidence was adjudged insufficient: *State v. Roop,* 255 N.C. 607, 122 S.E. 2d 363; *State v. Roberson,* 240 N.C. 745, 83 S.E. 2d 798; *State v. Lowery,* 223 N.C. 598, 27 S.E. 2d 638.

Reversed.