STATE OF NORTH CAROLINA v. DONALD HOWARD LEDFORD

No. 7024SC570

(Filed 13 January 1971)

1. Automobiles § 113— homicide arising out of automobile accident — motion for nonsuit — question presented

   In a homicide prosecution arising out of a collision between a pedestrian and an automobile operated by defendant, the question presented by defendant's motion for nonsuit is whether all the evidence, when considered in the light most favorable to the State, gives rise to an inference of culpable negligence by defendant in the operation of his automobile which proximately caused the collision.

2. Automobiles § 113— homicide arising out of automobile collision — sufficiency of evidence

   In a prosecution for involuntary manslaughter arising out of a collision between an 81-year-old pedestrian and an automobile operated by the defendant, the State's evidence that the defendant was driving his automobile at a speed of 40 to 50 mph at a distance of three-fourths to three-tenths of a mile from the scene of the collision, that the collision took place on a narrow, winding and unpaved mountain road, and that the defendant's automobile ran or skidded off the road prior to hitting the pedestrian, *held* insufficient to withstand defendant's motion for nonsuit.

APPEAL by defendant from *McLean, J.,* 25 March 1970, MADISON Superior Court.

This is a criminal action wherein the defendant Donald Howard Ledford was charged in a bill of indictment, proper in form, with involuntary manslaughter arising out of a collision

between an automobile operated by the defendant and a pedestrian.

The evidence tends to show that on 12 May 1969, Wade Shook, eighty-one years old, lived in Madison County on the left side of Smith Creek Road as one travels from U. S. Highway 23 toward Bald Mountain. Smith Creek Road is a narrow, winding, mountain road covered with gravel. The Shook home is set back approximately sixteen feet from the road. A grainery or crib was located across the road from the house. A path ran along the side of the road to a barn on the same side of the road as the house.

At approximately 7:00 p.m. on 12 May 1969, Wade Shook went out the front door of his house, and shortly thereafter his wife heard a noise. Looking from the front porch, Mrs. Shook saw the body of her husband lying in the middle of the road. The defendant's automobile was located eighteen feet farther along the road toward Bald Mountain.

Witnesses for the State testified that they saw the defendant operating his automobile along Smith Creek Road three-fourths to three-tenths of a mile from the Shook residence at 40 to 50 miles per hour. A highway patrolman testified that the speed limit was 55 miles per hour.

With the exception of the evidence offered by the defendant, there was no testimony as to how the accident happened or as to the manner in which the defendant was operating his automobile nearer than three-tenths of a mile from the Shook residence.

The defendant testified that as he drove his automobile along Smith Creek Road toward the Wade Shook home he came around a curve while driving 30 to 35 miles per hour and saw the deceased crossing the road from a crib on the right toward the barn on the left. The defendant applied the brakes and his automobile skidded off the left side of the road into the ditch and traveled along the ditch toward the point where Mr. Shook was crossing the road. The defendant turned the automobile to his right across the road in an effort to pass behind Mr. Shook who then turned and stepped back in front of the automobile. The defendant stated that if Mr. Shook had not stepped back the automobile would never have struck him.

Wade Shook died as a result of injuries sustained by being struck by the defendant's automobile.

The defendant's motion for judgment as of nonsuit made at the close of the State's evidence and renewed at the close of all the evidence was denied. The jury found the defendant guilty as charged. From a judgment of imprisonment of five to seven years, suspended on specific conditions, the defendant appealed to the North Carolina Court of Appeals.

*Robert Morgan, Attorney General, and Walter E. Ricks III, Staff Attorney, for the State.*

*Mashburn and Huff, by Joseph B. Huff, for defendant appellant.*

HEDRICK, Judge.

The defendant's assignment of error number 10, based on exception number 26, presents for review the question of the sufficiency of all the evidence to go to the jury on the charge of involuntary manslaughter.

The principles of law upon which criminal responsibility is determined in automobile accident cases were aptly stated by Stacy, C.J., in *State v. Cope*, 204 N.C. 28, 167 S.E. 456 (1933):

"4. Culpable negligence in the law of crimes is something more than actionable negligence in the law of torts. (Citations omitted)

"5. Culpable negligence is such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others. (Citations omitted)

         *          *          *

"6. An intentional, wilful or wanton violation of a statute or ordinance, designed for the protection of human life or limb, which proximately results in injury or death, is culpable negligence. (Citations omitted)

"7. But an unintentional violation of a prohibitory statute or ordinance, unaccompanied by recklessness or probable consequences of a dangerous nature, when tested by the

State v. Ledford

rule of reasonable previson, is not such negligence as imports criminal responsibility. (Citations omitted)."

[1] The question thus presented is whether all the evidence, when considered in the light most favorable to the State, gives rise to an inference of culpable negligence upon the part of the defendant in the operation of his automobile which proximately caused the accident resulting in the death of Wade Shook. We think not.

In *State v. Massey*, 271 N.C. 555, 157 S.E. 2d 150 (1967), it is stated:

"The mere fact that a pedestrian (child or adult) is killed when run over by an automobile in a public street does not make out a *prima facie* case of civil negligence. *Tysinger v. Dairy Products*, 225 N.C. 717, 36 S.E. 2d 246; *Mills v. Moore*, 219 N.C. 25, 12 S.E. 2d 661. A *fortiori*, it does not give rise to an inference of culpable negligence. *State v. Reddish*, 269 N.C. 246, 152 S.E. 2d 89."

[2] The mere fact that the defendant's automobile ran off or skidded off the road without other evidence of dangerous operation does not necessarily raise an inference of negligence upon the part of the driver. *Winfield v. Smith*, 230 N.C. 392, 53 S.E. 2d 251 (1949). There is no evidence in this record of dangerous speed or perilous operation causing the defendant's vehicle to run off the road.

Unaccompanied by evidence of dangerous or perilous operation at the time and place of the accident, evidence that the defendant was driving his automobile 40 to 50 miles per hour three-fourths to three-tenths of a mile from the scene has no force to prove the culpable negligence of the defendant at the time and place of the accident resulting in the death of Wade Shook.

The evidence, while revealing a tragic occurrence on a narrow, mountain road, does not sustain a charge of culpable negligence. At most it would indicate civil negligence in driving at a speed greater than is reasonable and prudent under the conditions then existing. The defendant obviously endeavored to avoid the deceased who was in the road. The motion for judgment as of nonsuit should have been sustained.

Reversed.

Judges CAMPBELL and BRITT concur.