STATE OF NORTH CAROLINA v. JIMMY RAY PLYMOUTH

No. 748SC295

(Filed 3 July 1974)

Automobiles § 113— involuntary manslaughter — head-on collision while passing
    The State's evidence was insufficient for the jury in a prosecution for involuntary manslaughter arising from an automobile collision where it tended to show that defendant collided with an oncoming car while passing another vehicle, that a slight incline in the road created a blind spot which prevented defendant from seeing the oncoming car, and that there was no yellow line in defendant's lane of travel to warn him that oncoming traffic could not be seen, and where there was no evidence of drinking, excessive speed or reckless driving.

APPEAL by defendant from Webb, Judge, 12 November 1973 Session of LENOIR County Superior Court.

State v. Plymouth

The defendant was charged by two bills of indictment with the offense of involuntary manslaughter resulting from the operation of a motor vehicle. A plea of not guilty was entered in each case. A verdict of guilty as charged was returned in each case and from an active sentence of two to three years, the defendant gave notice of appeal.

There was very little conflict in evidence between that presented by the State and that presented by the defendant. The defendant was operating his automobile in a northerly direction on rural paved road 1578, two tenths of a mile north of the city limit of Kinston at approximately 9:30 p.m., on 5 February 1973. The highway in the area of the accident was straight, but there was a slight incline of about 15 to 20 degrees which created a blind spot in the road. There was a broken dividing line in the center of the road, but there was not a yellow line on either side of the dividing line. The road was 20 feet wide and the posted speed limit was 55 mph. The weather was clear at the time the collision took place.

There was no evidence of excessive speed, use of alcohol, or other aggravating factors. The evidence showed that the defendant was driving between 50 and 55 miles an hour when he overtook a car proceeding in the same direction. He sounded his horn, flicked his lights, and started to pass the other vehicle. As he was passing the other vehicle, he apparently saw the Volkswagen coming from the opposite direction. Both vehicles applied brakes but were unable to avoid the accident. The driver of the Volkswagen and his passenger were killed upon impact.

*Attorney General Robert Morgan, by Assistant Attorney General Charles A. Lloyd, for the State.*

*Perry, Perry, and Perry, by Dan E. Perry for defendant-appellant.*

CARSON, Judge.

The only question presented on appeal is whether the trial judge should have granted the defendant's motion for nonsuit duly made at the end of the State's evidence and again at the end of all the evidence. We think the position of the defendant is well taken. The instant case is very similar to the factual situation reported in *State v. Fuller,* 259 N.C. 111, 130 S.E. 2d 61 (1963). That case also involved a head-on collision which was

---

---

not aggravated by the particular circumstances of the incident other than some evidence that the defendant may have been speeding slightly. While recognizing the difference between the want of due care which would hold one liable for damages in a civil action, and culpable negligence which would sustain a conviction of criminal laws, the court held that the factual situation in that case could not sustain a conviction of manslaughter. In reversing the defendant's conviction the court held at page 114 that:

> [h]is failure to keep a proper lookout was the proximate cause of the collision. The evidence does not warrant a conclusion that defendant intentionally drove into the center lane with actual knowledge of the presence and position therein of the Tedder car. The unintentional violation of a prohibitory statute, unaccompanied by recklessness or probable consequences of a dangerous nature, when tested by the rule of reasonable foreseeability, is not such negligence as imports criminal responsibility. But if it is accompanied by recklessness or probable consequences of a dangerous nature, when tested by the foreseeability rule, amounting altogether to a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others, then such negligence, if injury or death insues, is culpable.

We do not think that the facts of the instant case sustain a finding of culpable or criminal negligence. *State v. Massey,* 271 N.C. 555, 157 S.E. 2d 150 (1967) ; *State v. Reddish,* 269 N.C. 246, 152 S.E. 2d 89 (1967) ; *State v. Fuller, supra; State v. Ledford,* 10 N.C. App. 315, 178 S.E. 2d 235 (1971). There was no evidence of drinking, excessive speed, or reckless driving. Furthermore, there was not a yellow line in the defendant's lane of travel to warn him that oncoming traffic could not be seen. He sounded his horn and flicked his lights as he passed the other vehicle. The tragic consequences of the accident does not turn civil negligence into criminal negligence. The judgment of the trial court is reversed.

Judges BRITT and HEDRICK concur.