CLARENCE EDWARD SWICEGOOD, JR. v. CAROL INMAN COOPER

No. 137A94

(Filed 28 July 1995)

**Automobiles and Other Vehicles § 440 (NCI4th)— driver's speeding and safe movement violations—sufficient evidence of negligent entrustment**

Defendant's evidence was sufficient to require submission to the jury of an issue of plaintiff's negligent entrustment of his automobile to his twenty-five-year-old son where it tended to show that, during a six-year period, the son had been convicted of six speeding violations, three safe movement violations, and had his license suspended for sixty days for accumulating more than twelve driving license points; he also received a prayer for judgment continued for two other violations; and plaintiff admitted that he was aware that his son had received two tickets, one of which was for a safe movement violation. The jury should determine whether plaintiff, as the father of the driver, knew or should have known the record and propensity of his son to be a reckless driver.

**Am Jur 2d, Automobiles and Highway Traffic §§ 588, 643, 645, 984, 1028, 1029; Contribution § 65; Damages § 749; Negligence §§ 207, 329-340, 1268, 1442, 1774; Parent and Child § 139.**

**Comment Note.—Who is "owner" within statute making owner responsible for injury or death inflicted by operator of automobile. 74 ALR3d 739.**

**Negligent entrustment of motor vehicle to unlicensed driver. 55 ALR4th 1100.**

Chief Justice MITCHELL dissenting.

Justice PARKER joins in this dissenting opinion.

Appeal by the defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 113 N.C. App. 802, 440 S.E.2d 573 (1994), finding no error in a judgment for the plaintiff entered by Hamilton, J., on 20 January 1993 in District Court, Wake County. Heard in the Supreme Court 16 February 1995.

## SWICEGOOD v. COOPER

[341 N.C. 178 (1995)]

This is an action for damage to personal property which occurred in an automobile accident. The evidence showed there was a collision between the plaintiff's automobile, being driven by his son Reggie Swicegood, and the defendant's van which she was driving. The plaintiff had given his son permission to drive the automobile on this occasion. Reggie Swicegood also drove the vehicle on several previous occasions.

The plaintiff made a motion *in limine* prior to trial to prohibit introducing evidence of negligent entrustment. At a hearing on this motion, the defendant tendered Reggie Swicegood's driving record, which showed that between 1986 and 1991 he was convicted of six speeding violations, three safe movement violations, and had his license suspended for sixty days for accumulating more than twelve driving license points. In 1986, he was convicted of driving sixty miles per hour in a fifty-five mile per hour zone and forty miles per hour in a thirty mile per hour zone. In 1987, he was convicted of a safe movement violation. In 1988, he was convicted of driving over thirty-five miles per hour in a thirty-five mile per hour zone and two safe movement violations. In 1989, he was convicted of driving fifty miles per hour in a thirty-five mile per hour zone, seventy-five miles per hour in a sixty-five mile per hour zone, and forty-six miles per hour in a thirty-five mile per hour zone. He also received a prayer for judgment continued for two other violations between 1984 and 1986.

The defendant also tendered the plaintiff's testimony that he was only aware that his son had received two tickets in the previous ten years, one of which was for a 1988 safe movement violation. The court allowed the motion *in limine* and refused to submit to the jury an issue of contributory negligence based on negligent entrustment.

The jury found the defendant negligent and awarded the plaintiff $8,000 in damages. The defendant appealed to the Court of Appeals which found no error. Judge Cozort dissented.

The defendant appealed to this Court.

*Tantum & Hamrick, by John E. Tantum and William B.L. Little, for plaintiff-appellee.*

*Law Office of Robert E. Ruegger, by Robert E. Ruegger, for defendant-appellant.*

WEBB, JUSTICE.

The question posed by this appeal is whether the defendant's evidence supported submitting to the jury an issue of contributory negligence based on negligent entrustment. Negligent entrustment occurs when the owner of an automobile "entrusts its operation to a person whom he knows, or by the exercise of due care should have known, to be an incompetent or reckless driver" who is "likely to cause injury to others in its use." *Heath v. Kirkman*, 240 N.C. 303, 307, 82 S.E.2d 104, 107 (1954); *Bogen v. Bogen*, 220 N.C. 648, 650, 18 S.E.2d 162, 163 (1942). As a result of his own negligence, the owner is liable for any resulting injury or damage proximately caused by the borrower's negligence. *Roberts v. Hill*, 240 N.C. 373, 82 S.E.2d 373 (1954).

The plaintiff contends, and the Court of Appeals agreed, that as a matter of law the traffic violations of the plaintiff's son cannot support a conclusion that he is an incompetent or reckless driver likely to cause injury to others. We disagree.

In *Dinkins v. Booe*, 252 N.C. 731, 114 S.E.2d 672 (1960), we held that the issue of negligent entrustment was correctly submitted to the jury where the evidence showed that the owner of the automobile knew that the driver had a "very serious" automobile accident a few years earlier, had another accident two years later, and had a conviction for driving without a license from several years before. The owner denied having any prior knowledge that the driver had been convicted of operating an automobile on the wrong side of the highway in the "very serious" automobile accident.

In *Boyd v. L.G. DeWitt Trucking Co.*, 103 N.C. App. 396, 405 S.E.2d 914, *disc. rev. denied*, 330 N.C. 193, 412 S.E.2d 53 (1991), the court found that the evidence supported submitting to the jury the issue of negligent entrustment and the issue of whether the negligent entrustment was willful or wanton. The evidence showed that during the twenty years that the driver worked for the defendant trucking company, he received two convictions for driving under the influence of alcohol, three convictions for reckless driving, and six convictions for speeding. The company claimed that it was responsible only for knowing the driver's record for the three years preceding the accident, pursuant to the Federal Motor Carrier Safe Regulations. In the preceding three years, the driver had been convicted of speeding, failure to stop for a siren and reckless driving, and driving while intoxicated and failure to stop for a siren. The court noted that the number

**SWICEGOOD v. COOPER**

[341 N.C. 178 (1995)]

and severity of the driver's offenses supported the jury's finding that the company's negligence was willful or wanton.

In light of the foregoing cases, we conclude that the evidence in this case supported submitting the issue of contributory negligence based on negligent entrustment to the jury. While the driver in this case does not have convictions for reckless driving or convictions that involve the use of alcohol, his convictions nonetheless indicate that a jury should determine whether he is a reckless or incompetent driver likely to cause injury to others. In the span of six years, this driver accumulated three safe movement violations and six speeding convictions. The plaintiff contends that having only one conviction for speeding over sixty miles per hour mitigates the effect of the other five, which are convictions for speeding fifty miles per hour or below. We are not persuaded by this argument. Speed limits exist to ensure the safety of the driving public. *See State v. Ward*, 258 N.C. 330, 128 S.E.2d 673 (1962). They are set according to the conditions of the road. N.C.G.S. § 20-141 (1993). Whether a driver exceeds the limit by fifteen miles per hour in a thirty-five mile per hour zone or a fifty mile per hour zone, he endangers those around him.

The plaintiff also contends that the defendant did not present evidence that would allow a jury to conclude that the plaintiff either knew or should have known that his son was an incompetent or reckless driver. We again disagree. The owner in this case is the driver's father. The father admitted that he knew of two of the traffic convictions, one of which was a safe movement violation. As the father of the driver, who was twenty-five years of age at the time of this accident, the jury should determine whether the plaintiff knew or should have known the record and propensity of his son to be a reckless driver.

We conclude that the defendant's evidence supported submitting the issue of contributory negligence to the jury.

For the reasons stated in this opinion, we reverse the decision of the Court of Appeals and remand the case to that court with instructions to remand to the District Court, Wake County, for proceedings consistent with this opinion.

REVERSED AND REMANDED.

Justice ORR did not participate in the consideration or decision of this case.

JACKSON COUNTY ex rel. SMOKER v. SMOKER

[341 N.C. 182 (1995)]

Chief Justice MITCHELL dissenting.

For the reasons fully discussed in the majority opinion filed in the Court of Appeals, the traffic violations established in this case will not support a conclusion that the plaintiff's son was so likely to cause harm to others that entrusting a motor vehicle to him amounted to negligent entrustment. Accordingly, I respectfully dissent from the opinion of the majority of this Court reversing the decision of the Court of Appeals.

Justice PARKER joins in this dissenting opinion.