JONATHAN CAMPBELL, PLAINTIFF v. JOHNNY L. McILWAIN, ETHAN ALLEN, INC., AND D.L. PETERSON, INC., DEFENDANTS

No. COA03-5

(Filed 6 April 2004)

### 1. Motor Vehicles— automobile accident—instruction—duty to reduce speed

The trial court did not err in a negligence action arising out of an automobile accident by refusing to give defendant's requested instruction on plaintiff's duty to reduce speed, because: (1) there is no evidence at all that plaintiff failed to reduce his speed; (2) substantial evidence showed that plaintiff did in fact reduce his speed when he encountered the van driven by defendant on an entrance ramp; and (3) while there was testimony from a witness to the effect that plaintiff pulled out in front of the witness and accelerated rapidly, there was no testimony by that witness that plaintiff did not later reduce his speed in an attempt to avoid the collision.

### 2. Motor Vehicles— automobile accident—instruction—doctrine of sudden emergency

The trial court did not err in a negligence action arising out of an automobile accident by instructing the jury on the doctrine of sudden emergency, because: (1) defendants pled contributory negligence as a defense to plaintiff's claim, and evidence that plaintiff was confronted with an emergency situation is relevant to this issue; and (2) plaintiff's complaint alleged sufficient facts to give defendant fair notice that plaintiff was presented with a sudden emergency when he got on an entrance ramp to the interstate.

### 3. Trials— automobile accident—mentioning insurance—motion for mistrial

The trial court did not abuse its discretion in a negligence action arising out of an automobile accident by refusing to declare a mistrial after plaintiff mentioned insurance several times, because: (1) the references were incidental and did not indicate directly as an independent fact that defendant had liability insurance or that the pertinent insurer was his liability carrier; and (2) the trial court gave adequate curative instructions to the jury following the testimony.

## 4. Motor Vehicles— automobile accident—defendant's driving record—negligent entrustment

The trial court did not err in a negligence action arising out of an automobile accident by allowing plaintiff to inquire into defendant's driving record in order to establish evidence sufficient to warrant an instruction on negligent entrustment.

Appeal by defendants from judgment entered 1 July 2002 by Judge Susan C. Taylor in Superior Court in Mecklenburg County. Heard in the Court of Appeals 16 October 2003.

*Kirkley Law Offices, P.L.L.C., by Joel L. Kirkley, III and Timothy M. Stanley, for plaintiff-appellee.*

*Templeton & Raynor, P.A., by Carrie H. O'Brien and Amy F. Wise, for defendant-appellants.*

HUDSON, Judge.

This appeal arises out of an automobile accident that occurred on 20 December 1997. On 18 December 2000, plaintiff, Jonathan Campbell, filed a complaint against defendants Johnny McIlwain, Ethan Allen, Inc., and D.L. Peterson, Inc., alleging that McIlwain negligently operated a vehicle he was driving during the course and scope of his employment with the other two defendants. On 1 July 2002, the trial court entered judgment on a jury verdict finding defendant McIlwain negligent and awarding plaintiff $32,500 in damages. Defendants appeal. For the following reasons, we find no error.

On 20 December 1997, plaintiff was heading west on a 1986 Honda motorcycle on the I-277 entrance ramp in Charlotte, North Carolina. As plaintiff rounded the curve on the ramp, he saw defendant's van backing down the ramp into his path. Plaintiff, who was traveling thirty to forty miles per hour, applied his brakes, which caused his motorcycle to slide on the pavement, ultimately hitting the rear of defendant's van. As a result of the accident, plaintiff sustained injuries that required medical treatment including knee surgery.

Defendant McIlwain disputed plaintiff's version of the accident, claiming that as he was entering the on-ramp to I-277, his van ran out of gas. He was attempting to move the van to the left shoulder, when plaintiff rounded the corner and ran into his van. McIlwain also introduced the deposition testimony of Arnold Sharar, who testified that

just before entering the ramp, plaintiff pulled out in front of him and accelerated rapidly.

In their first two arguments, defendants allege errors in the jury instructions. To present an instruction error properly for appellate review, the defendant must include in the record on appeal "a transcript of the entire charge given." N.C. R. App. P. 9(a)(1)(f). Here, the printed record on appeal includes neither the requested instruction nor the charge given to the jury. Thus, this issue is not presented in compliance with the Rules of Appellate Procedure. While this rule may seem quite technical, it serves an important practical purpose: it facilitates review of an instruction issue by all three members of our panel in that the parties file but a single copy of the trial transcript, but all three members receive the printed record. Nonetheless, in our discretion we undertake a review on the merits. N.C. R. App. P. 2.

[1] Defendants first contend that the trial court erred by refusing to give a requested instruction on plaintiff's duty to reduce speed. A party appealing a trial court's failure to give a requested instruction "must show that substantial evidence supported the omitted instruction and that the instruction was correct as a matter of law." *State v. Farmer*, 138 N.C. App. 127, 133, 530 S.E.2d 584, 588, *disc. review denied*, 352 N.C. 358, 544 S.E.2d 550 (2000). Here, defendants requested pattern jury instruction 220.20A, which provides in pertinent part that:

> the fact that a person is driving his vehicle at a speed lower than the posted speed limit does not relieve him of the duty to decrease his speed as may be necessary to avoid colliding with any [vehicle] on the highway, and to avoid injury . . . .

N.C.P.I.—Civ. 220.20A. The trial court considered and denied this request, instead instructing the jury as to reasonable and prudent speed under the conditions in accordance with N.C.P.I.—Civ. 202.10. In so doing, the court stated:

> THE COURT: I think in considering both of them, the reasonable and prudent speed covers all the possibilities that the jury may find in a clearer way.

Here, there is no evidence at all, let alone substantial evidence, that plaintiff failed to reduce his speed. Quite to the contrary, the substantial evidence in the record shows that plaintiff did in fact reduce his speed when he encountered the van on the entrance ramp. Plaintiff testified that as soon as he rounded the curve and saw

defendant's van backing up towards him, he applied his brakes, which caused his motorcycle to slide and strike the rear of the van. While defendant claims that this instruction was warranted based upon the testimony of Mr. Sharar to the effect that plaintiff pulled out in front of him and accelerated rapidly, there is absolutely no testimony by Mr. Sharar that plaintiff did not later reduce his speed in an attempt to avoid the collision. Since the evidence did not justify the requested instruction, we overrule this assignment of error.

[2] Defendants next argue that the trial court erred by instructing the jury on the doctrine of sudden emergency. Defendants contend that the emergency doctrine was not pled and no evidence was presented warranting the instruction. We disagree.

This Court has previously held that a trial court "is required to state the law and apply the evidence thereto in regard to each substantial and essential feature of the case, even in the absence of a properly submitted request for special instructions." *White v. Greer*, 55 N.C. App. 450, 453, 285 S.E.2d 848, 851 (1982). The sudden emergency doctrine provides that "one confronted with an emergency is not liable for an injury resulting from his acting as a reasonable man might act in such an emergency." *Rodgers v. Carter*, 266 N.C. 564, 568, 146 S.E.2d 806, 810 (1966). The Court in *Rogers* noted further that "[t]he emergency is merely a fact to be taken into account in determining whether he has acted as a reasonable man so situated would have done." *Id.*

Here, the defendants pled contributory negligence as a defense to plaintiff's claim, thus raising the issue of whether plaintiff's own negligence contributed to his injuries. Evidence that plaintiff was confronted with an emergency situation, which was properly admitted, is relevant to this issue. We further note that, under the standard of notice pleading, plaintiff's complaint alleged sufficient facts to give defendant fair notice that plaintiff was presented with a sudden emergency when he got on the entrance ramp to the interstate. Therefore, we overrule this assignment of error.

[3] Next, defendants contend that the trial court erred by refusing to declare a mistrial after plaintiff mentioned insurance. For the following reasons, we disagree.

Generally, "[w]here testimony is given, or reference is made, indicating directly and as an independent fact that defendant has liability insurance, it is prejudicial, and the court should, upon motion there-

for aptly made, withdraw a juror and order a mistrial." *Fincher v. Rhyne*, 266 N.C. 64, 69, 145 S.E.2d 316, 319 (1965). However, "there are circumstances in which it is sufficient for the court, in its discretion, because of the incidental nature of the reference, to merely instruct the jury to disregard it." *Id.* at 69, 145 S.E.2d at 319-20. "The decision of whether a mistrial is required to prevent undue prejudice to a party or to further the ends of justice is a decision vested in the sound discretion of the trial judge." *Medlin v. FYCO, Inc.*, 139 N.C. App. 534, 540, 534 S.E.2d 622, 626 (2000), *disc. rev. denied*, 353 N.C. 377, 547 S.E.2d 12 (2001) (holding that the trial court did not abuse its discretion in denying defendant's motion for a mistrial based on a witness' mention at trial of defendant's relationship with defendant's insurer).

Applying the aforementioned rationale to the present case, we hold that the trial court did not abuse its discretion by refusing to order a mistrial. The first such instance complained of came on direct examination of the plaintiff. When asked whether defendant driver said anything to him after the accident, plaintiff responded: "He apologized several times for the incident. He asked me—to see if we could handle this on an individual basis as opposed to calling in the insurance companies." Defense counsel promptly objected and the court sustained, issuing a curative instruction for the jury not to consider the answer. Later, on cross-examination, defense counsel asked plaintiff when he signed a medical release. Plaintiff replied: "I initially signed it with Debra Ship, the Traveler's adjuster, and then Darryl Robinson." Defense counsel objected and the court sustained, again issuing a curative instruction to disregard the answer. Finally, defendants take issue with a portion of the closing arguments, in which plaintiff's counsel apparently began to refer to an insurance carrier. We are unable to locate this passage in the transcript of counsel's closing argument. However, after plaintiff's counsel completed his closing argument, the following exchange appears:

> Ms. WOLFE [defense counsel]: I have one more thing, Your Honor. Not that it is going to matter at this point, because the word insurance has been said so many times throughout this trial. I noticed that the plaintiff started to say "Travelers."

> MR. KIRKLEY [plaintiff's counsel]: I did stop. I apologize. I saw the adjuster, and I started to say it. I did stop myself.

> Ms. WOLFE: I didn't ask for a curative response because it has been said so many times. But once again, for the fourth

time, I just want to preserve the record and make a motion to dismiss.

THE COURT: I heard Mr. Kirkley say "Trav." I had no idea what he was talking about.

\*\*\*

THE COURT: Like I say, I heard him say "trav." I didn't know what it meant. He didn't say insurance. I am going to deny the motion at this time.

We find that these references were incidental, and did not indicate directly, as an independent fact, that defendant had liability insurance or that Traveler's was his liability carrier. Further, we conclude that the trial court gave adequate curative instructions to the jury following the testimony. Therefore, we hold that the trial court did not abuse its discretion, and we overrule this assignment of error.

**[4]** Defendants finally argue that the trial court erred by allowing defendant McIlwain to be questioned concerning his driving record. For the following reasons, we disagree.

During cross-examination, plaintiff's counsel asked defendant McIlwain whether he considers himself a safe driver. McIlwain answered: "I try to be safe enough to where I don't infringe on hurting other people. I occasionally consider myself to be the type of driver—if you ask me whether I get speeding tickets and parking tickets, of course I do. It's not like I intend to get them, but, yeah, it happens to the best of us." Counsel for plaintiff then followed by asking, "In fact, you have had 11 traffic citations; correct?" Defense counsel objected and the court sustained and gave the jury a curative instruction. Following arguments by both attorneys, the court ruled that it would "allow [plaintiff's counsel] to ask about those citations where Mr. McIlwain was found to have committed the acts alleged. I am not going to allow any questions about any charges in which he was not convicted. He cannot ask about something if he was not convicted." Thereafter, plaintiff's counsel asked McIlwain regarding three prior speeding convictions and one unsafe movement conviction to establish evidence sufficient to support an instruction on negligent entrustment.

We find guidance on this issue in *Swicegood v. Cooper*, 341 N.C. 178, 459 S.E.2d 206 (1995), which involved a lawsuit over property damage that resulted from a crash between the plaintiff's auto-

CAMPBELL v. McILWAIN

[163 N.C. App. 553 (2004)]

mobile (being driven by his son) and the defendant's van. The plaintiff had given his son permission to drive the automobile on this occasion. The trial court granted plaintiff's motion *in limine* prohibiting evidence of prior speeding violations in regard to the issue of contributory negligence based on negligent entrustment. This Court held that as a matter of law traffic violations cannot support a conclusion that a person is an incompetent or reckless driver. Our Supreme Court disagreed, and in reversing the decision of this Court, stated that:

> While the driver in this case does not have convictions for reckless driving or convictions that involve the use of alcohol, his convictions nonetheless indicate that a jury should determine whether he is a reckless or incompetent driver likely to cause injury to others. In the span of six years, this driver accumulated three safe movement violations and six speeding convictions. The plaintiff contends that having only one conviction for speeding over sixty miles per hour mitigates the effect of the other five, which are convictions for speeding fifty miles per hour or below. We are not persuaded by this argument. Speed limits exist to ensure the safety of the driving public. They are set according to the conditions of the road. Whether a driver exceeds the limit by fifteen miles per hour in a thirty-five mile per hour zone or a fifty mile per hour zone, he endangers those around him.

*Id.* at 181, 459 S.E.2d at 207-08 (citations omitted). The Court further held that "the jury should determine whether the plaintiff knew or should have known the record and propensity of his son to be a reckless driver." *Id.* at 181, 459 S.E.2d at 208.

Thus, based upon *Swicegood*, we conclude that the trial court did not err by allowing plaintiff to inquire into defendant McIlwain's driving record in order to establish evidence sufficient to warrant an instruction on negligent entrustment.

No error.

Judges McGEE and CALABRIA concur.