BERGER, Judge.
David Joseph Anderson ("Defendant") appeals the denial of his motion for a new trial made after judgment was entered against him for negligence relating to an automobile accident. He raises two issues in his appeal: whether the trial court erred in instructing the jury on the sudden emergency doctrine, and whether the trial court erred in denying Defendant's motion for a new trial. Upon review, we find error in neither the trial court's instruction of the jury nor its ruling on the motion for a new trial.
Factual and Procedural Background
On January 23, 2013, Defendant was transporting a large piece of carpet in the back of a pickup truck on Interstate 74 while traveling from Kernersville to High Point, North Carolina. While Defendant was driving on the highway, the carpet flew out of the truck bed and landed in the center lane because it had not been secured. Defendant immediately pulled to the side of the highway and attempted to retrieve the carpet. Deanna Shenese Brown ("Plaintiff") was driving in the center lane and did not see the carpet in the roadway until she was nearly upon it. Once Plaintiff became aware of the carpet, she swerved to the right which caused her vehicle to overturn. Plaintiff sought recovery for physical injury and pain, medical expenses, and the loss of wages and diminished economic opportunity as a result of the accident.
Defendant moved prior to trial to exclude evidence of the permanency of Plaintiff's injuries. The trial court granted Defendant's motion as to the testimony of the medical expert that went to the permanency of Plaintiff's injuries. However, the court allowed the testimony that conveyed Plaintiff's future pain, suffering, and medical treatment. The issues tried before the jury were Defendant's negligence, as well as Plaintiff's contributory negligence and damages. High Point Police Officer Brian A. Broos, who had investigated the accident, and Linda Greene, who had been driving behind Plaintiff at the time of the accident, both testified to Plaintiff's visibility of the highway and her ability to avoid the carpet prior to the accident. Dr. Angelia Flanagan, Plaintiff's primary physician, testified by video deposition to Plaintiff's general medical history and current medical condition. Plaintiff presented evidence of medical expenses totaling approximately $11,000.00.
During closing arguments, Plaintiff's counsel presented a PowerPoint slide purporting to calculate the cost of Plaintiff's pain and suffering, life expectancy, mental anguish, and future medical damages. However, the closing arguments were not transcribed and the parties disagree as to whether Defendant objected to the slide. The trial court then instructed the jury on the doctrines of negligence, contributory negligence, including an instruction on the doctrine of sudden emergency within the context of contributory negligence, and damages. Defendant objected to the jury instruction on sudden emergency as it was given at trial.
During deliberations, the jury questioned the sudden emergency doctrine's application asking: "Prior to the accident, if 'lookout' was negligent, when does sudden emergency become lawful?" After consideration, the trial court instructed the jury to "read once again the law as it relates to issue two dealing with the claim of negligence of the plaintiff and sudden emergency and do the best that you can to answer the question as it's presented to you." The jury returned a verdict for Plaintiff granting damages of $90,000.00. The trial court entered this judgment on November 16, 2016.
On November 21, 2016, Defendant filed a motion for a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure. After a hearing on the motion, Plaintiff proposed a $60,000.00 remittitur, and Defendant submitted a counter-remittitur of $27,500.00. On December 20, 2016, the trial court denied the motion for a new trial and granted a remittitur of $60,000.00. The trial court reasoned that "there was not sufficient prejudicial error to warrant a new trial." Defendant timely appealed the order denying the motion for a new trial and entering remittitur.
Analysis
I. Jury Instructions: Sudden Emergency Doctrine
Defendant has first argued that the trial court erred by instructing the jury on the doctrine of sudden emergency. He asserts that this instruction confused the jury because the "overwhelming weight of the evidence" introduced at trial did not support a sudden emergency instruction, especially when this instruction is given in the context of contributory negligence.
Because "[t]he resolution of conflicts in the evidence, the credibility of witnesses, and the weight to be given any evidence is for the jury" to determine, Penley v. Penley , 314 N.C. 1, 18, 332 S.E.2d 51, 61 (1985), this Court will not enter into this realm, but will only look to see whether the trial court erred in giving the sudden emergency instruction.
On appeal, this Court considers a jury charge contextually and in its entirety. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed[.] The party asserting error bears the burden of showing that the jury was misled or that the verdict was affected by an omitted instruction. Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury.
Hammel v. USF Dugan, Inc. , 178 N.C. App. 344, 347, 631 S.E.2d 174, 177 (2006) (citations and quotation marks omitted).
"The prime purpose of a court's charge to the jury is the clarification of issues, the elimination of extraneous matters, and a declaration and an application of the law arising on the evidence." State v. Cameron , 284 N.C. 165, 171, 200 S.E.2d 186, 191 (1973) (citations omitted), cert. denied , 418 U.S. 905, 41 L. Ed. 2d 1153 (1974). "[A] trial judge should not give instructions to the jury which are not supported by the evidence produced at the trial." Id . (citations omitted). Further, "[w]here jury instructions are given without supporting evidence, a new trial is required." State v. Porter , 340 N.C. 320, 331, 457 S.E.2d 716, 721 (1995) (citation omitted). However, "the trial court has wide discretion in presenting the issues to the jury and no abuse of discretion will be found where the issues are 'sufficiently comprehensive to resolve all factual controversies and to enable the court to render judgment fully determining the cause.' " Murrow v. Daniels , 321 N.C. 494, 499-500, 364 S.E.2d 392, 396 (1988) (quoting Chalmers v. Womack , 269 N.C. 433, 435-36, 152 S.E.2d 505, 507 (1967) ).
" 'The sudden emergency doctrine provides that one confronted with an emergency is not liable for an injury resulting from his acting as a reasonable man might act in such an emergency.' " Sobczak v. Vorholt , 181 N.C. App. 629, 638, 640 S.E.2d 805, 812 (2007) (quoting Campbell v. McIlwain , 163 N.C. App. 553, 556, 593 S.E.2d 799, 802 (2004) ).
First, "an emergency situation must exist" that "compels [a party] to act instantly to avoid a collision or injury." Id . (citations, brackets, emphasis, and quotation marks omitted). Second, application of this doctrine is prohibited "where the sudden emergency was caused, at least in part, by [the negligence of the party seeking the protection of the doctrine] in failing to maintain the proper lookout or speed in light of the roadway conditions at the time." Id . at 639, 640 S.E.2d at 812 (citation and quotation marks omitted). Additionally, "a sudden emergency instruction is improper absent evidence of a sudden and unforeseeable change in conditions to which the driver must respond to avoid injury." Id . (emphasis, citation, and brackets omitted).
In this case, the trial court gave an instruction on the sudden emergency doctrine that was substantially similar to the North Carolina Pattern Jury Instructions. Even though there was conflicting evidence presented to the jury, there was evidence that would support this instruction and it was for the jury to weigh this evidence. First, as Plaintiff drove toward the carpet laying in the roadway, she was presented with an unforeseeable emergency situation that required instant action. Second, testimony during trial from both parties and witnesses allowed a reasonable person to believe that it was either Defendant's negligence in failing to secure the carpet to the back of the truck or Plaintiff's contributory negligence in her avoidance of the carpet that caused the accident. Therefore, the trial judge properly included the sudden emergency doctrine instruction reasoning that "in light of the evidence that's contested, ... I think it's fair to the evidence in the case."
In addition, Defendant's argument is mistaken that the jury's questions pertaining to the sudden emergency doctrine's application exemplified that they were misled and confused. Although the jury did ask for clarification, after the trial court further instructed the jury and deliberations concluded, the jury did not express any further questions or concerns about the law relating to the sudden emergency doctrine, and was able to render a decision on that issue. Therefore, Defendant did not satisfy his burden to show that the jury was misled or that the verdict was affected by the instruction. The trial court did not err by giving instructions on the sudden emergency doctrine because there was sufficient evidence to which this instruction applied, and it was for the jury to resolve any conflicts in this evidence.
II. Motion for a New Trial
Defendant next argues on appeal that the trial court erred in denying his motion for a new trial made pursuant to Rule 59 of the North Carolina Rules of Civil Procedure. Defendant asserts that Plaintiff's closing arguments were improper, and these arguments both prejudiced him by depriving him of a fair trial and resulted in a verdict that was excessive considering the evidence presented at trial.
"A trial court's ruling on a motion for a new trial under Rule 59 is usually subject to an abuse of discretion standard." Davis v. Davis , 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citation omitted). "[A]n appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." Worthington v. Bynum and Cogdell v. Bynum , 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982) (citation omitted). Therefore, "an appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." Id . at 487, 290 S.E.2d at 605. "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." Davis , 360 N.C. at 523, 631 S.E.2d at 118 (citation and quotation marks omitted).
We are unable to conclude from the record before us that the trial court abused its discretion in its ruling on Defendant's motion because "an appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." Worthington , 305 N.C. at 482, 290 S.E.2d at 602 (emphasis added) (citation omitted). Further, a trial judge's grant or denial of a Rule 59 motion "may be reversed on appeal only in those exceptional cases where an abuse of discretion is clearly shown ." Id. at 484, 290 S.E.2d at 603 (emphasis added).
In this case, the parties disagree about facts surrounding the closing arguments, especially the information that was presented by Plaintiff in the PowerPoint slide explaining Plaintiff's damages. However, Defendant did not request for closing arguments to be transcribed. Therefore, the disagreement over what information was displayed to the jury during closing arguments is based solely on the parties' contradictory recollections. Without a transcription, this Court is not in a position to reverse the trial court's denial of Defendant's Rule 59 motion because there is nothing to qualify this case as an "exceptional case[ ] where an abuse of discretion is clearly shown ." Id . (emphasis added). Therefore, this Court affords deference to the trial court's reasoning that "there was not sufficient prejudicial error to warrant a new trial," and thus, the trial court properly denied Defendant's motion for a new trial, as the record does not demonstrate a manifest abuse of discretion.
Defendant further argued that the $90,000.00 verdict was excessive because the evidence of damages presented at trial was insufficient to support it. This issue was raised in the trial court, and the court agreed and entered a remittitur lowering the damages awarded to Plaintiff from $90,000.00 to $60,000.00. The trial court reasoned that the evidence supported the lower verdict, and, having reviewed the record before us, this Court will not upset that verdict.
Conclusion
The trial court did not err by instructing the jury on the sudden emergency doctrine because the evidence at trial supported giving this instruction. Additionally, the trial court did not err in its denial of Defendant's motion for a new trial because there was not sufficient evidence in the record to clearly show that the trial court abused its discretion. Defendant received a fair trial free from prejudicial error.
NO ERROR.
Report per Rule 30(e).
Chief Judge MCGEE and Judge DIETZ concur.